DRAPER and Another *v.* VANHORN.

Nov. Term,
1860.

DRAPER
v.
VANHORN.

Suit to set aside a sheriff's sale of real estate, the purchaser and the sheriff being joined as defendants. On the trial, the purchaser offered the sheriff as a witness to prove the steps taken by him in the sale of the property, but the testimony was excluded.

*Held,* that if the sheriff was a proper party defendant, he might have been subjected to a joint judgment with the purchaser, for costs, and hence might have been excluded as a witness.

*But held,* that the sheriff was *not* a proper party defendant, and that his name might, on the trial, have been stricken out on motion, and he produced as a witness for the purchaser.

APPEAL from the *Blackford* Circuit Court.

*Monday, December 3.*

PERKINS, J.—*Draper* obtained a judgment against *Vanhorn,* and procured an execution to issue thereon, which was placed in the hands of *David M. Mercer,* sheriff, who, by virtue of it, sold a piece of *Vanhorn's* land. *Draper* was the buyer; the sheriff made him a deed, and he took possession.

This suit was prosecuted to vacate that sale and deed, and recover back possession. The sheriff was made a defendant, with *Draper.* On the trial, *Draper* offered the sheriff, his co-defendant, as a witness to prove the steps taken in selling the property, but the Court refused to hear him testify.

The questions in the cause all resolve themselves into this; was *Mercer,* the sheriff, a proper party to the suit? for if he was, he might be subjected to a joint judgment with *Draper,* for costs, and, hence, might be excluded as a witness.

We have not been able to discover any reason why he was made a party. He had no interest in the contract of sale. The title to the land in question was in *Draper.* If the sale was set aside, it was his loss of property; if it was confirmed, it was his gain. It may be said, that the sheriff might be taxed with the costs, if in fault at the sale. If he still remained in office, he might, as an officer of the Court, be thus taxed on notice, without being made a party to the suit; and whether in, or out, of office he might be liable on his bond.

If the proceeding to set aside the sale did not take place till after the acting sheriff had gone out of office, it would hardly

be contended that he, as ex-sheriff, should be made a defendant; then why should he while yet in office?

Had the action been, as it certainly might have been, one to recover the possession of real estate, analogous to ejectment, the sheriff would hardly have been made a party. We think he was not a proper party in this suit. The sheriff, then, not being a proper party, *Draper* had an interest in having his name erased from the record, as such, because he needed him for a witness. How was he to get rid of him as a party?

It has been held, in *New York*, "that the mere joinder of too many defendants, is not a ground of demurrer by any one of them, against whom the complaint sets forth a good cause of action;" Voorhies' Code, p. 197, 6 Ed.; but that such improper joinder may be taken advantage of at the trial. *Ibid.* This rule, however, it should be observed, does not apply to an improper joinder of husband and wife, as plaintiffs, as they are incapable of several judgments at the trial, and must recover jointly, if at all, according to the *New York* practice. *Ibid.*

*Draper*, then, might have had the name of *Mercer* stricken out, as a defendant, at the trial, and produced him as a witness. This, in substance, he claimed, and his claim was erroneously denied.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Walter March*, for appellants.

*J. Brownlee*, *A. Steele* and *H. D. Thompson*, for appellee.