*E. Dumont* and *Green Durbin*, for the appellant.

Nov. Term, 1861.

BENNETT
v.
PRESTON.

---

Saturday, December 7.

---

BENNETT *v.* PRESTON and Others.

Defect of parties, as a cause of demurrer under the code, means too few, not too many parties.

If a complaint states a cause of action against one or more of several

| 17b 291 |
| 143 440 |
| 17b 291 |
| 153 494 |
| 17 291 |
| Case 2 |
| 160 215 |
| 17 291 |
| Case 2 |
| 166 364 |
| 17 291 |
| Case 2 |
| 169 643 |

Nov. Term,
1861.

BENNETT
v.
PRESTON.

defendants, a joint demurrer by all the defendants, on the ground that the complaint does not state facts sufficient, or for defect of parties, can not be sustained; but the defendants against whom no cause of action is stated, may demur on that ground, separately.

A demurrer for want of sufficient facts will be overruled, if, on the facts stated, the plaintiff is entitled to any relief whatever, although not to that demanded.

A defect in the prayer for relief is not ground of demurrer, but for a motion to make more specific.

*Quœre:* Whether, under our code, an action in the nature of an action on the case at law, can not be maintained against a trustee for negligence.

Saturday,
December 7.

APPEAL from the *Vanderburg* Common Pleas.

PERKINS, J.—*James H. Bennett* sues *William R. Preston* and others, and charges in his complaint that he was indebted to divers persons in a fraction over $3,000; and that being unable to pay the debts at maturity, but having plenty of property to secure them, he did, on *November* 14, 1857, assign to said *William R. Preston,* and certain others named, his real and personal property, of the value of near $5,000, making them a title to, and putting them in possession of, the same, to be used by them for the payment of the above mentioned debts.

He further charges, that for three years the assignees have continued in possession of the trust committed to them; that they have neglected their duty; that they have wasted and sacrificed the personal property, or converted it to their own use; that they have suffered solvent choses in action to remain uncollected till lost; that they have used the real estate for their own private convenience and profit, &c.; and, if they have paid the debts, have wasted, and are wasting, the surplus, &c. He further charges, that he has demanded an accounting and settlement, and the payment over to him of $2,500, which sum should remain in their hands after payment of all debts and expenses. He prays for a judgment against the assignees for that sum, "and for other proper relief." He makes the creditors provided for in the deed of assignment defendants, with the assignees, and the deed of assignment is set out in the complaint. He adds a second paragraph to his complaint, upon a separate cause of action, for work and labor, &c.

The Court below sustained a joint demurrer, by all the defendants, to the complaint, and dismissed the suit.

Three causes of demurrer were assigned: 1. Want of sufficient facts to constitute a cause of action. 2. Misjoinder of causes of action. 3. Misjoinder of parties defendants, in this, that there were too many defendants. The third cause of demurrer was not well assigned. It was not available. Defect of parties, under the Code, as a cause of demurrer, means too few, not too many parties; and a demurrer bad in part, is bad altogether. Voorhies' Code, 6 ed. p. 196; Ind. Dig., p. 650. The demurrer in this case was bad, in part, because if "a complaint state a cause of action against one or more of several defendants, a joint demurrer by all the defendants, on the ground that the complaint does not state facts sufficient, or for defect of parties, can not be sustained. But the defendants against whom no cause of action is stated, may demur on that ground, separately." *Eldridge* v. *Bell*, 12 How. (N. Y.) Rep. 549; *id.* 1756; 8 *id.* 392; 2 Abb. 402; Voorhies' Code, 6 ed. 196. Or they may be discharged on the trial. *Draper* v. *Vanhorn*, 15 Ind. 155. As to the second ground of demurrer, if valid, it was not cause for dismissal of the suit, but only for the docketing of the causes as separate actions. 2 R. S., p. 38.

The first cause of demurrer was not available, because the complaint made a case for some kind of relief. And a demurrer under the fifth subdivision of § 50, of the code, (2 R. S., p. 38,) viz., that the complaint does not state facts sufficient, &c., will be overruled, if on the facts stated the plaintiff is entitled to any relief whatever, although not that demanded. *Stuyvesant* v. *The Mayor, &c.*, 11 Paige, 415; Voorhies' Code, *supra*. Defect in the prayer for relief is not ground of demurrer, but for a motion to make more specific. See Perk. Prac. 165, 166, 658. It is held in *Eldridge* v. *Bell, supra*, that causes of demurrer must be assigned in the order of the statute, and that the passing of a prior, and assigning a subsequent cause, is a waiver of the prior. We do not decide this to be the rule in this State. See 14 Ind. 89.

What we have already said disposes of the case; but we

Nov. Term,
1861.

may notice the point made by counsel, and on which the case seems to have turned below, viz., that the plaintiff's complaint is in the character of a declaration on the case at law, and not of a bill in chancery; and that such an action at law could not be maintained against a trustee.

We think the complaint in this case goes for an accounting, as in chancery; but we are not prepared to say that an action on the case could not have been maintained at common law, though we decide nothing here upon the point. A bailee, an agent, an attorney, a carrier, &c., may be sued in case for negligence; and why not a trustee? What is he but an agent? 1 Chit. Pl. 134; Story on Agency, p. 258.

In Ingraham on Insolvency, note to page 152, the author says: "I am well aware of C. J. *North's* observation, in *Barnardiston* v. *Soame*, Harg. St. Trials, p. 443, 'that no action on the case will lie for a breach of trust, because the determination of the principal thing, the trust, does not belong to the common law, but to the court of chancery;' but, he adds, 'the objection, though it might prevail in *England*, would not be regarded in *Pennsylvania*.'" See Hill on Trustees, 1 Am. Ed. p. 518. So, inasmuch as we have now but one form of action in *Indiana*, it would seem that it could not be regarded here, however it might have been at common law.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for further proceedings, with leave to amend, &c.

*A. L. Robinson*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.