## HOWE v. DIBBLE.

PLEADING.—*Complaint.*—If a complaint shows a good cause of action as to any part of the demand, it is good on demurrer.

FORECLOSURE.—*Sale Without Valuation.*—Where promissory notes secured by a mortgage on real estate contain a stipulation that they shall be collectible without relief from valuation laws, but the mortgage contains no such clause, the stipulation in the notes must be carried into the mortgage, and on a foreclosure the decree should provide for the sale of the mortgaged premises without relief from valuation laws.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

DOWNEY, C. J.—On the 1st day of December, 1870, the appellant executed to the appellee a mortgage, to secure the payment of five promissory notes of the same date, maturing in one, two, three, four, and five years after date respectively. The mortgage contains a stipulation that in case of default in the payment of the notes, or any of them, or any part thereof, either principal or interest, according to the tenor and effect thereof, the whole of said principal and interest secured by said five promissory notes shall thereupon, at the option of the mortgagee, become at once due and payable. On the 11th day of April, 1873, two of the notes being then past due, according to their terms, and remaining unpaid, this action was commenced to foreclose the mortgage as to all of the notes. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was filed by the defendant and overruled by the court. This is the first alleged error. The ground assumed by counsel for the appellant is, that as the mortgage provides that, on failure to pay any one of the notes, they shall all become due, at the option of the mortgagee, the complaint should have alleged that the mortgagee exercised this option and gave notice of such exercise to the mortgagor before the action was commenced. But it seems to us that, conceding that this would be the correct rule if the action was on the notes which by their own terms were not

due at the time of its commencement, it can not be applied in this case, since two of the notes were, by their own terms, due and payable when the suit was commenced. If the plaintiff had no right to sue on the last three notes, still, as he had a right to sue on the first two, and had a right to foreclose the mortgage given for their security, his complaint showed that he had a good cause of action, and consequently that the demurrer thereto by the defendant was properly overruled.

The demurrer having been disposed of, the defendant filed an answer in four paragraphs. A demurrer was sustained to the second, but as to this action of the court no question is made in the brief of counsel for the appellant. There was then a reply by general denial to the remaining paragraphs of the answer. Part of the issues, by agreement of the parties, were tried by a jury, and the others by the court, and upon the verdict and finding, after the overruling of a motion for a new trial, there was final judgment for the plaintiff. The evidence is not in the record, and no question is presented concerning the regularity of the trial.

The notes were all payable without relief from valuation laws, but this stipulation was not contained in the mortgage. Counsel for the appellant insist that the court erred in rendering judgment for the sale of the mortgaged premises without relief from valuation laws, and this objection to the judgment was made in the circuit court. This action of the court is assigned as error.

The statute provides that upon any instrument of writing, made within this State, or elsewhere, containing a promise to pay money without relief from valuation laws, judgment shall be rendered and execution had accordingly. 2 G. & H. 659, sec. 15. Counsel for appellant refer us to the cases of *Deam* v. *Morrison*, 10 Ind. 367, and *Harris* v. *Makepeace*, 13 Ind. 560, where it is held that when the mortgage contains a waiver of valuation laws, but the notes do not, there may be a judgment for the sale of the mortgaged premises without valuation, and insist that the converse of this must

be true; that when the notes contain the waiver, and the mortgage does not, then there can be no judgment for the sale of the mortgaged premises without appraisement. We can not adopt this view of the question. The debt is the principal thing, and the mortgage is only an incident to the debt. When the debt is paid, the mortgage is discharged. When the debt is assigned or transferred, it carries the security with it. The notes and the mortgage are so much one instrument, that we think the stipulation in the notes that they shall be collectible without relief from valuation laws must be carried into the mortgage also. We can not think that upon a judgment rendered on the notes in such a case, the mortgaged premises must be appraised and sold subject to appraisement laws, while any other property of the judgment defendant may be sold without appraisement. The mortgage gives to the mortgagee a specific lien on the mortgaged premises, to which he can resort in preference to all others not having an equal or superior lien. It is a security for the payment of the particular debt, and the premises are liable to sale according to the terms of the instrument which evidences the debt, as well as according to the stipulations contained in the mortgage. In our opinion, there is no error in the record in this case.

The judgment is affirmed, with costs.

OSBORN, J., having been consulted as counsel, was absent. *Petition for a rehearing overruled.*