## WILSON v. KELLY.

PLEADING.—*Money Paid for Use.*—*Complaint Cured by Finding.*—In an action to recover for money paid by the plaintiff for the defendant, the complaint alleged, that such money was paid by the plaintiff, to a third person, at the request of the defendant.

*Held*, on an assignment, in the Supreme Court, of the insufficiency of the complaint, that it is sufficient.

*Held*, also, that a finding for the plaintiff cured a failure to allege that such payment was for the use or on account of the defendant.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*J. C. Suit*, *A. E. Paige* and *S. O. Bayless*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below, on an open account, for moneys paid by the appellee for the appellant, at his special instance and request, the particulars of which were made a part of appellee's complaint.

To this complaint, the appellant answered in two paragraphs, as follows:

1. A general denial; and,

2. Payment in full, before the commencement of the action.

The appellee replied, by a general denial, to the second paragraph of the answer.

The cause was tried by the court below, without a jury, and a finding made for the appellee in the sum of seventy-one dollars and eighty-five cents, and judgment was rendered by the court on its finding.

The appellant's written motion for a new trial was overruled by the court below, and to this decision he excepted.

The evidence on the trial of the cause, in the court below, is properly in the record.

In this court, the appellant has assigned, on the record of this cause, the following alleged errors:

1. The court below erred, in overruling the appellant's motion for a new trial; and,

2. The appellee's complaint does not state facts sufficient to constitute a cause of action.

The appellant's attorney thus states, in argument, his objection to the sufficiency of appellee's complaint:

"The action is for divers sums of money, paid to other persons than the defendant, the complaint alleging that the payments were made at his request; but it is not alleged, that the payments, or any of them, were made on his account, or for his use, or that there was any consideration moving to him."

If the averments of appellee's complaint were insufficient in this regard, which they were not, in our opinion, the defects were certainly cured by the finding of the court. Such a purely technical objection, if it existed, could only be reached by a motion to make the averments more specific, addressed to the court below. After a finding and judgment on the complaint, without objection thereto in the court below, such an objection as the one made by the appellant can not be made available as error in this court. The facts stated in the complaint were sufficient, we think, to constitute a cause of action.

There was some conflict in the evidence adduced upon the trial, but, in our opinion, it fully sustained the finding of the court below in every particular. No error was committed in overruling the appellant's motion for a new trial.

The judgment is affirmed, with ten per centum damages, at the costs of the appellant.