HOSTETLER, ADM'R, ET AL. *v.* THE STATE, EX REL. DEAN.

PLEADING.—*Supreme Court.—Complaint Cured by Verdict.—Practice.*— A complaint insufficient on demurrer may, where no exception to the overruling of a demurrer thereto is taken, be cured by the verdict.

OFFICIAL BOND.—*Relator.—County Treasurer.—County Auditor.*—In a suit upon the bond of a county treasurer for money not accounted for, the auditor of such county is the proper relator.

SAME.—*Settlement Sheets may be Explained by Parol Evidence.*—In such suit it is proper to allow parol evidence as to the manner, and under what circumstances, settlement sheets between a former treasurer and the defaulting treasurer and between such defaulting treasurer and the auditor were made, where such settlement sheets are in evidence.

SAME.—*Evidence.—Settlement Between Auditor and Treasurer.*—In such suit a settlement sheet between such treasurer and auditor, certified by them as "a true and correct statement of delinquent taxes collected by the treasurer" for a certain length of time, "as reported by the treasurer to the auditor of said county, and the amount payable into the state treasury,' jointly signed by both parties, is relevant.

SAME.—*School Revenue.—Excessive Damages.—Practice.—New Trial.*—If, in such suit, there be no right to recover for school revenue, that fact may be shown in the Supreme Court under the ground assigned for a new trial, that the damages were excessive.

From the Lawrence Circuit Court.

*N. Crooke, F. Wilson* and *M. T. Dunn,* for appellants.

*G. Putnam, G. W. Friedley, A. C. Voris* and —— *Dunn,* for appellee.

PERKINS, J.—Suit on a county treasurer's bond.

A demurrer to the complaint was overruled, and no exception taken.

A general motion to make the complaint more certain, specifying no particulars wherein, was overruled, and exception entered.

A motion to strike out parts of the complaint, without specifying which parts, was overruled, and exception noted.

A motion to dismiss the suit, which motion specified no reason for dismissal, was overruled, and exception noted.

Answer in general denial, accompanied by an agreement, " that said defendants may introduce any evidence thereunder that they could under any state of pleading properly pleadable."

Trial by the court; finding for the plaintiff in the sum of seven thousand four hundred and thirty-two dollars and sixty cents, and judgment, over a motion for a new trial, on the finding.

The errors assigned are two :

1. That the complaint does not contain a cause of action ;

2. The court erred in overruling the motion for a new trial.

The complaint was bad on demurrer, *Hiatt* v. *Goblt*, 18 Ind. 494 ; but was good after verdict, no exception to its sufficiency having been saved. *Scott* v. *Zartman*, 61 Ind. 328.

The only objection urged to the complaint in the brief of counsel is, that it does not contain the averment in reference to the bond sued on, " which is filed herewith," though a bond was filed which was shown on the trial to be that sued on.

In this case, as we have seen, no exception was taken to the overruling of the demurrer to the complaint ; hence it stands here as if no demurrer to it had been filed.

The grounds specified in the motion for a new trial were :

1. The finding of the court is contrary to law ;

2. The finding of the court is not sustained by sufficient evidence ;

3. The court erred in admitting, over defendant's objection, evidence which was irrelevant and immaterial and illegal, to the admission of which the defendant at the time excepted, as shown by bill of exceptions filed ;

4. The damages are excessive;

5. The relator had no capacity to sue;

6. The relator herein had no right to sue for or recover the school revenues alleged to be in the hands of said treasurer, deceased.

A bill of exceptions contains the evidence.

The first item was the commission of Elihu C. Newland, ex-treasurer of Lawrence county, by Governor Hendricks, including the oath and bond of said treasurer, with the approval thereof. No objection was made to this evidence.

The next item of evidence was the record of the board of county commissioners, containing the entry of record of said bond, its acknowledgment, and its approval by the commissioners. This item was objected to, but no ground of objection was pointed out.

Proof of the genuineness of certain signatures to the bond followed, without objection, and also of the death of treasurer Newland.

Next, the plaintiff gave in evidence the demand for the money due, made before suit, upon the administrator and sureties of the deceased treasurer, Newland, and the order of the commissioners for the making of the same. They were objected to, but no ground of objection pointed out.

The plaintiff then gave in evidence the settlement between Kelly, the former treasurer, and said treasurer Newland, and the receipt of the latter for money paid to him by the former. Objected to by defendant, but no ground of objection pointed out.

The same may be said of the next item of evidence, the settlement between said treasurer Newland and Dean, auditor of said county, made November, 1875; and of the next item, which was another settlement, dated May 12th, 1876.

Plaintiff next offered as a witness Charles T. Woodfolk,

to explain said settlement sheets by parol testimony, to which defendant objected, "on the ground that parol evidence to explain the writing under such circumstances was inadmissible, and, also, on other grounds," but the court overruled said objection and admitted said evidence, to which ruling the defendant at the time excepted; and said Woodfolk thereupon testified as follows, to wit:

"I am deputy-auditor of Lawrence county, and was during all the time that G. C. Newland was treasurer. These settlements were made in duplicate. This sheet (the one dated May 12th, 1876), is the general summing up and balance struck between auditor and treasurer. Elihu C. Newland was in and out of the auditor's office when the settlement was made, while it was being made. It is made from Newland's ledger. He called off some of the items from the ledger in making the settlement. The treasurer returns the amount of delinquent taxes at the time settlement is made at the auditor's office. It is the auditor's duty to ascertain the amount of delinquencies, etc., and strike a balance."

Plaintiff next offered in evidence the settlement sheet by said auditor Dean and treasurer Newland, dated November 29th, 1876, to which defendants objected on the grounds of irrelevancy, and that the same had been improperly made out, and for other reasons, but the court overruled said objections and admitted said settlement sheet in evidence, to which ruling the defendants at the time excepted.

The statement objected to was certified by auditor Dean and treasurer Newland, as "a true and correct statement of current and delinquent taxes collected by the treasurer of said county for the year 1875, and previous years, from the third Monday in April to the first Monday of November, 1876, as reported by the treasurer to the auditor of said county, and the amount payable into the

state treasury," etc.　It is jointly signed by the auditor and treasurer, and dated November 29th, 1876.

"It was here admitted by the parties, for purposes of the trial, that the treasurer's stubs showed that he had received railroad tax amounting to the sum of $14,655.21, all of which he had accounted for except $2,490.83; that f d treasurer received after his last settlement prior to his death $5,576.17, as shown by his stubs; also, that said treasurer was chargeable at his death with the following amounts, consisting of state, tuition and other funds due townships and county, to wit:

| | |
|---|---:|
| School fund interest, | $831.11 |
| Fines and forfeitures, | 321.80 |
| Docket fee, circuit court, | 114.80 |
| Dog tax, Bono township, | 61.18 |
| Road tax, Mitchell, | 7.69 |
| Interest due Jackson county, | 25.02 |
| Dog tax, Mitchell, | 17.38 |
| Road tax, Mitchell, | 3.37 |
| Road tax, Mitchell, | .74 |
| Road tax, Bedford, | 14.48 |
| Dox tax, Bedford, | 8.87 |
| Interest due Orange county, | 27.05 |
| State tuition, Pleasant Run township, | 694.49 |
| State tuition, Marion township, | 369.75 |
| State tuition, Guthrie township, | 555.12 |
| State tuition, Mitchell township, | 402.39 |
| State tuition, Marshall township, | 31.79 |
| Balance due county from June settlement, | 417.88" |

The auditor of state did not order the suit on said treasurer's bond.　See sec. 185, 1 R. S. 1876, p. 117.

Some further settlements were given in evidence, but no ground of objection was pointed out.

Defendant gave in evidence some receipts of payments, and this was substantially the evidence in the cause.

But two items of evidence were so objected to as to raise any question in this court. Those items are the parol testimony of Woodfolk, as to the manner in which settlements given in evidence were made; and the settlement between Dean and Newland, dated November 29th, 1876.

The objection to the first was, that it was permitting parol evidence to explain a written instrument. It seems to us that it was rather a detail of the circumstances under which said settlements were made, and was unobjectionable.

The objection to the second was, that said settlement sheet was irrelevant, and not properly prepared. We think the settlement sheet was relevant, and wherein it was not properly prepared was not specified.

The finding of the court is not contrary to law, and is sustained by the evidence.

The court did not err in admitting the evidence.

The damages are not shown to be excessive.

The relator in the suit was the proper one. *Cabel* v. *McCafferty*, 53 Ind. 75.

If there was no right to recover, in this suit, the school revenues, that fact might have been shown under the ground assigned for a new trial, that the damages were excessive, and might have been so shown here. Such showing has not been made.

The judgment is affirmed, with costs.