## GALVIN ET AL. *v.* WOOLLEN ET AL.

PLEADING.—*Substituted Complaint on Promissory Note.*—*Copy.*—*Arrest of Judgment.*—*Waiver by Failure to Demur.*—*Complaint Cured by Finding.*— In an action on a promissory note, wherein the defendant, without demurring, had joined issue on a substituted complaint, containing no copy of the note, he asked and was denied leave, after trial had commenced, to withdraw his answer and demur to such substituted complaint. His motion in arrest having been overruled, he appealed to the Supreme Court, there assigning as error the overruling of his motion in arrest, and also questioning the sufficiency of such complaint.

*Held*, the record showing that both the original and an amended complaint contained copies of the note, that the defendant, by failing to demur, had waived objection to the want of such copy in the substituted complaint, and therefore, as to that point, that such complaint was cured by the finding, and is sufficient.

From the Marion Superior Court.

*J. S. Harvey* and *G. W. Galvin*, for appellants.

*T. H. Bowles*, for appellees.

HOWK, J.—This was a suit by the appellees, as indorsees, against the appellant George W. Galvin, as maker, and the appellant Albert Galvin, as the indorser, of a promissory note, of which the following is a copy, to wit:

" $275. INDIANAPOLIS, IND., May 18th, 1876.

" Sixty days after date, I promise to pay to the order of Albert Galvin, negotiable and payable at the office of Woollen, Webb & Co.'s Bank, two hundred and seventy-five dollars, in the gold coin of the United States, with ten per cent. interest after maturity, value received, without any relief whatever from valuation or appraisement laws. If this note is paid at maturity, or before suit is brought thereon, then it shall be payable in any lawful money of the United States. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed,)     " GEORGE W. GALVIN."

Indorsed:   "A. GALVIN."

To the appellees' complaint, the appellants jointly answered in four paragraphs, in substance as follows:

1. A general denial;

2. Payment;

3. That, at the time of the execution of the note in suit, and subsequent thereto, it was agreed, on the part of the appellees, to extend the time of the payment of said note, for a valuable consideration; that said consideration was received by the appellees, and they then and since refused to extend said time, and that, by the terms of said agreement, the note was not due; and,

4. The total failure of the consideration of the note in suit.

To the second, third and fourth paragraphs of answer, the appellees replied by a general denial thereof.

The cause, being at issue, was set for trial on a day certain, and on that day the appellants moved the court for leave to withdraw their answer, and to file a demurrer to the appellees' complaint. This motion was overruled, and to this ruling the appellants excepted and filed a bill of exceptions.

Thereupon the cause was tried by the court, at special term, and a finding was made for the appellees, for the amount of the note and interest, and judgment was rendered accordingly. The appellants' motion for a new trial was overruled, and to this decision they excepted and appealed to the court below in general term. On this appeal, the judgment of the court at special term was affirmed, and to the judgment of affirmance the appellants excepted and appealed therefrom to this court.

The appellants have here assigned, as error, the judgment of the court in general term, and this assignment brings before us the errors assigned by them, on their appeal to the court in general term. These alleged errors were as follows:

1. The complaint did not state facts sufficient to constitute a cause of action;

2. The court erred in overruling the appellants' motion for a new trial; and,

3. Error of the court in overruling appellants' motion in arrest of judgment.

In their brief of this cause, the appellants' counsel say: "We ask that the judgment be reversed, on this one point, viz., the complaint upon which the pleadings were made up and trial had, is the substituted complaint, which purports to be on a note for $275 simply. Nothing is alleged about the note being payable in gold coin, or without relief from valuation laws, nor about ten per cent. interest, and the note sued on is not made a part of the complaint; though a copy of it is said to be filed with the complaint, yet the transcript shows it was not done."

This is the only point made by the appellants' counsel in their argument of this cause, and on this point solely they ask us to reverse the judgment of the court below. It will be seen, from the errors assigned, that this point was not made by a demurrer to the substituted complaint, for the want of sufficient facts; but, after the appellants had answered said complaint, and after issue was joined on the answer by the appellees, and after the trial of the cause had commenced, the appellants, for the first time, objected to the sufficiency of the substituted complaint, upon the ground that a copy of the note in suit had not been actually filed therewith. At that time, at least two copies of said note were on file in this action. The transcript shows that a copy of the note was actually filed with the original complaint, and that another copy of the note was also actually filed with an amended complaint, subsequently filed. This latter complaint appears to have been afterward mislaid, and in lieu thereof the substituted complaint was filed, and it does not appear that any copy of the note was actually filed with this substituted complaint.

The question arises, and this is the only question in this case for our decision,—whether or not the appellants' failure to demur to the substituted complaint, for the want of a copy of the note actually filed therewith, was not equivalent to an express waiver of any objection to the sufficiency of the substituted complaint, on that ground ? In other words, was not the defect in the complaint of such a character that it could only be reached by a ·demurrer for the want of sufficient facts, and that, in the absence of such a demurrer, it might be supplied by the evidence and cured by the verdict of the jury, or the finding of the court ?

It seems to us that this question must be answered in the affirmative. The note in suit was accurately described in the substituted complaint. by its date, its amount, and the names of its maker, its payee and its endorser, and we can not doubt that sufficient facts were stated in said complaint, so as to render the judgment thereon an absolute and complete bar to any other action on said note. In such a case, it is settled by the decisions of this court, that, although a copy of the note in suit and of its endorsement would be an indispensable part of a complaint thereon, on a demurrer thereto for the want of sufficient facts, yet, if there was no such demurrer interposed, after the verdict of a jury or the finding of a court thereon, such a defect in the complaint would be thereby cured, and the complaint, on a motion in arrest of judgment, or on the assignment in this court of its insufficiency as a cause of action, would be held to be sufficient. *Westfall* v. *Stark*, 24 Ind. 377 ; *Gander* v. *The State, ex rel.*, 50 Ind. 539 ; *Purdue* v. *Stevenson*, 54 Ind. 161; *Donellan* v. *Hardy*, 57 Ind. 393; *Wilson* v. *Kelly*, 58 Ind. 586; *Shaw* v. *The Merchants National Bauk*, 60 Ind. 83 ; *Hostetler* v. *The State, ex rel.*, 62 Ind. 183.

We are clearly of the opinion, therefore, that although the appellees' substituted complaint, in this case, was so defective, for the reason that a copy of the note and of its

indorsement was not actually filed therewith, that a demurrer thereto, for the want of sufficient facts, would have been properly sustained, yet, in the absence of such a demurrer, the defect was supplied and cured by the finding of the court thereon ; and the court in general term, on the errors assigned therein, did not err in holding the complaint to be sufficient.

We find no such error in the record of this case, as would justify us in the reversal of the judgment of the court below in general term.

The judgment is affirmed, at the appellants' costs.