Parker *v.* Clayton.

No. 7621.

## PARKER *v.* CLAYTON.

PLEADING.— *Complaint.--Sufficiency of, on Motion in Arrest of Judgment.— Request.—Agreement.*—A complaint, alleging that the defendant is indebted to the plaintiff in a certain sum "for keeping the defendant's horse, feeding and caring for the same" for a certain time, and that "the keeping and feeding and caring for said horse" were of a certain value per week, with a prayer for recovery, is sufficient, after verdict, on a motion in arrest of judgment. And such complaint also stated facts from which both a request and an agreement may be inferred.

PRACTICE.—*Pleading Cured by Verdict.*—A verdict will often aid a defective pleading, and pleadings, which would be insufficient on demurrer, are often held good after verdict.

SAME.—Not only mere defects of form, but faults affecting substantive facts, are often aided by a verdict.

SAME.—*Complaint.—Presumptions After Verdict.*—After verdict, the complaint will be supported by every reasonable legal intendment, if there is nothing in the record to prevent it.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson*, for appellant.
*A. Blair* and *E. P. Ferris*, for appellee.

ELLIOTT, J.—The question in this case is presented by a motion in arrest of judgment. The complaint, omitting the title and prayer for judgment, is as follows:

"The plaintiff complains of the defendant, and says the defendant is indebted to him, in the sum of two hundred and fifty dollars, for keeping the defendant's horse, feeding and caring for the same, from the 17th day of May, 1871, to the 17th day of October, 1872, a period of seventeen months, and plaintiff says the keeping and feeding and caring for said horse was of the value of three dollars per week."

The appellant contends that the complaint is bad, because it does not appear that the appellee did, in fact, keep and feed appellant's horse; but we think there is little force in this objection. It does appear, although the allegations are somewhat vague and obscure, that the horse was kept and

fed by the appellee, and that it belonged to the appellant. The complaint, aided as it is by the verdict, is sufficient to withstand such an objection.

The complaint is next assailed upon the ground that it does not show a request, and this objection presents a more serious question. Of course, nobody doubts that recovery can not be had in actions *ex contractu*, where there has been no request, but the question here goes beyond the mere ascertainment of the general rule, for it involves an investigation of the question as to whether a complaint which does not, in terms, show a precedent request, can be so aided by a verdict as to successfully repel an attack made by a motion in arrest of judgment.

There is an important and well defined distinction, resting upon sound and solid ground, between cases in which the attack is by demurrer, and those in which it is by motion in arrest. *The City of Anderson* v. *Hervey*, 67 Ind. 420 ; *Galvin* v. *Woollen*, 66 Ind. 464 ; *Hostetler* v. *The State*, 62 Ind. 183. A verdict will many times aid a defective pleading, and pleadings which would be bad on demurrer are often held good after verdict. It is not only mere defects of form that are aided by a verdict, but faults affecting substantive facts are often so aided. Thus, in *Bailey* v. *Clay*, 4 Rand. 346, it was held that a failure to aver performance will be supplied by the verdict. Failure to aver special notice or demand will not avail upon a motion in arrest, because the defect is cured by the verdict. *The Chester Glass Co.* v. *Dewey*, 16 Mass. 94 ; *Kingsley* v. *Bill*, 9 Mass. 198 ; *Bliss* v. *Arnold*, 8 Vt. 252. This court has often enforced the doctrine, that a defective complaint will be aided by a verdict. In *Wilson* v. *Kelly*, 58 Ind. 586, the complaint was for the recovery of money paid by the plaintiff for the defendant, and it was there held, that the failure to allege a request was supplied by the verdict. A complaint upon a promissory note was held good after verdict, although

neither the note nor the indorsement to the plaintiff was set out. *Purdue* v. *Stevenson*, 54 Ind. 161; *Westfall* v. *Stark*, 24 Ind. 377. There are many cases in our reports illustrating and enforcing the doctrine, that after verdict very liberal intendments will be made in favor of the complaint. Among them are: *Dawson* v. *Bayard*, 41 Ind. 165; *The Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261; *Hostetler* v. *The State*, 62 Ind. 183; *Shaw* v. *The Merchants Nat'l Bank*, 60 Ind. 83; *Alford* v. *Baker*, 53 Ind. 279. The general rule deducible from the cases may be thus stated: After verdict the complaint will be supported by every reasonable legal intendment, if there is nothing in the record to prevent it. *Warren* v. *Litchfield*, 7 Greenl. 63; *Morey* v. *Homan*, 10 Vt. 565; *Addington* v. *Allen*, 11 Wend. 374.

The complaint in the present case states facts from which a request and an agreement may be inferred, and this is sufficient. *Hamilton* v. *Winterrowd*, 43 Ind. 393; 1 Chitty Pl. 705.

Judgment affirmed, at costs of appellant.