No. 10,375.

## LASSITER ET AL. *v.* JACKMAN.

PLEADING.—*Complaint.*—*Account.*—*Assignment.*—*Failure to Demur.*—*Waiver.* —*Supreme Court.*—In a suit upon an open account, assigned in writing to the plaintiff, where a copy of the account and assignment follows the complaint in the record, but is not referred to or identified therein, an objection to the complaint on that ground is waived by the defendant's failure to demur thereto, and can not be made available for the reversal of the judgment, by the assignment of the insufficiency of the complaint, as error, in the Supreme Court.

SAME.—*Acceptance of Assignment.*—*Demand.*—*Evidence.* —In such case, where the assignment of the account is not put in issue by an answer under oath, formal proof of the assignment is unnecessary; nor is it necessary to show by evidence the plaintiff's acceptance of the assignment or demand of payment, before the commencement of the action.

PARTNERSHIP.—*Services of Partner.*—*Payment.*—*Agreement.*—Ordinarily, a member of a partnership can not assert a claim against his co-partners for his services as such partner; but it is competent for his co-partners to agree to pay him for his services, and, in such case, he or his assignee may recover therefor.

PRACTICE.—*Verdict.*—*Special Finding.*—*Judgment.*—*Presumption.*—It is only when the special finding of facts is inconsistent with the general verdict that the former will control the latter, and the court will give judgment accordingly. Nothing is presumed in aid of the special finding of facts, but every reasonable presumption is indulged in favor of the general verdict.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellants.

HOWK, J.—In her complaint in this action, the appellee, the plaintiff below, alleged in substance, that on the 27th day of May, 1881, the appellants, Henry H. Lassiter and Nathan Hammond, became indebted to Lyman H. Jackman by bal-

-ance on settlement in the sum of $90, which sum the appellants, at the request of said Lyman H. Jackman, agreed to pay the appellee for her use and benefit; and the appellee averred that said sum of $90 was due, owing and unpaid. Wherefore she asked judgment for $90, and for interest on the same from the 27th day of May, 1881, and for her costs and all other relief proper in the premises. Wherefore appellee asked judgment for $100, her costs and all other proper relief in the premises.

Immediately following the complaint, in the transcript, is a writing of which we give a copy, prefaced with the words, "Bill of Particulars":

"HUNTINGTON, IND., July 26th, 1881.

"Nathan Hammond and Henry H. Lassiter to Lyman H. Jackman, dr.:

"May 17th, 1881, to balance on settlement . . . . $90.00

"May, 1881.—For value received, I hereby assign the within account to Sarah F. Jackman."

[Signed] "LYMAN H. JACKMAN."

The cause was put at issue and tried by a jury, and a general verdict was returned for the appellee in the sum of $90; and the court rendered judgment on such general verdict.

The following errors have been assigned by the appellants:

1. In overruling their motion for a judgment in their favor on the special findings of the jury, notwithstanding the general verdict.

2. Appellee's complaint does not state facts sufficient to constitute a cause of action.

3. The court erred in overruling appellants' motion for a new trial.

In their brief of this cause the appellants' counsel concede, as we understand them, that "a fair interpretation of the whole complaint shows that it is a complaint on an assigned account." There was no demurrer below to the complaint, and its sufficiency is called in question for the first time, after verdict and judgment thereon, by the assignment here as error that

it does not state facts sufficient to constitute a cause of action. It will be observed from our summary of the complaint in this case, that it did not in terms refer to the copy of the account or the assignment thereof, which immediately followed the complaint in the record as a "bill of particulars," as filed therewith or made part thereof. If the appellants had demurred to the complaint for the want of sufficient facts we may well suppose that it would have been held insufficient; but many objections to a complaint may be cured by the verdict, and parties may waive their objections or lose all benefit therefrom by not making them in the proper mode, or at the proper time. *Westfall* v. *Stark*, 24 Ind. 377; *Purdue* v. *Stevenson*, 54 Ind. 161; *Donellan* v. *Hardy*, 57 Ind. 393; *Wilson* v. *Kelly*, 58 Ind. 586; *Galvin* v. *Woollen*, 66 Ind. 464; *Parker* v. *Clayton*, 72 Ind. 307; *Lewis* v. *Bortsfield*, 75 Ind. 390; *Beal* v. *State, ex rel.*, 77 Ind. 231; *Roberts* v. *Porter*, 78 Ind. 130. So it is, we think, in the case at bar. It must be held that the appellants, by their failure to demur to the complaint, have waived the objection thereto, that it did not in terms refer to the bill of particulars, as filed therewith or made part thereof; and that this defect in the complaint has been cured by the verdict. It is clear that the complaint and bill of particulars taken together, as they must be after verdict and judgment thereon, stated facts sufficient to constitute a cause of action, and to render the judgment thereon a complete bar to any other suit for the same cause. We are of opinion, therefore, that, as the question is presented, the complaint is sufficient.

But it is said by the appellants' counsel, that the assignment of the account was not proved. It was not put in issue by a pleading under oath, and, therefore, it was unnecessary that the assignment should be formally proved. There was evidence tending to prove that the debt sued for had been transferred to the appellee, and that the appellants had agreed to pay the debt to her, before she commenced her suit. This was sufficient evidence on that point to sustain the verdict. But counsel say, also, that the evidence fails to show that the

appellee, before suit brought, accepted the transfer of the account and the appellants' agreement to pay the same to her, or demanded payment. It was not necessary that the evidence should show either such acceptance or such demand before the commencement of the suit. *Rodenbarger* v. *Bramblett,* 78 Ind. 213.

The appellants' counsel also claim that because the evidence showed that the appellee's assignor, Lyman H. Jackman, and the appellants had been co-partners in a mining business, in the State of California, and that the business of such co-partnership had never been finally settled, therefore the appellee could not recover the indebtedness sued for in this action. This conclusion does not necessarily follow, by any means, from the premises stated. Ordinarily, no doubt, a member of a firm can not assert a claim against his co-partners for his services as such partner; but circumstances may imply an agreement, or there may be, as in this case, an express agreement on the part of his co-partners, to pay him for such services. In such a case we know of no rule of law which would prevent a recovery by him, or his assignee. *Lee* v. *Davis,* 70 Ind. 464.

In section 547, R. S. 1881, it is provided that " When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." In the case at bar there was no such inconsistency, we think, between the special findings of fact and the general verdict, as authorized or required the court to give judgment on the special findings of fact in favor of the appellants, notwithstanding the general verdict against them. This court will not presume anything in aid of the special findings of fact, but, on the contrary, will indulge every reasonable presumption in favor of the general verdict. *Ridgeway* v. *Dearinger,* 42 Ind. 157; *McCallister* v. *Mount,* 73 Ind. 559; *Cook* v. *Howe,* 77 Ind. 442.

We have found no error in the record of this cause which requires us to reverse the judgment below.

The judgment is affirmed, with costs.