Filed Sept. 16, 1886.

———————◆———————

No. 12,259.

## OWEN SCHOOL TOWNSHIP, OF CLARK COUNTY, v. HAY.

PLEADING.—*Exhibit.*—*Written Instrument.*—*Defect Cured by Finding.*—*Practice.*—Under section 362, R. S. 1881, a complaint is defective for want of the original, or a copy, of the written instrument on which it is founded; but, in the absence of a demurrer, the defect will be cured by the finding of the court.

SAME.—*Sufficiency of Complaint as to Part of Demand.*—*Demurrer.*—Where a complaint is sufficient as to a part of the demand, it will withstand a demurrer which questions it as a whole.

SAME.—*Common Schools.*—*Teacher.*—*Contract.*—*Motion in Arrest.*—*Assignment of Error.*—A complaint to recover on a contract for teaching in the public schools, which avers that the plaintiff "performed all and singular her duties according to said contract," is not bad on a motion in arrest of judgment nor on an assignment of error in the Supreme Court, because it fails to allege specifically performance of a duty imposed by law.

COMMON SCHOOLS.—*Report Required of Teacher at End of Term.*—*Contract.*—*Wages.*—When persons contract with township trustees to teach public schools, the statute (section 4449, R. S. 1881), which requires them at the expiration of their terms to make a report to the trustees upon certain things, enters into and becomes a part of the contract, and until such report is made they are entitled to receive only seventy-five per centum of their agreed wages.

SAME.—*Compliance with Condition.*—*Burden of Proof.*—Where, by the terms

of the contract, the making of the required report is made a condition precedent to the payment of any wages, the burden is on the teacher, in an action on the contract, to show compliance with the condition, or a waiver by the trustee of so much as relates to seventy-five per centum, to entitle him to a judgment.

From the Clark Circuit Court.

*J. K. Marsh*, for appellant.

*H. A. Burtt*, for appellee.

ZOLLARS, J.—Appellee brought this action to recover for services as a school teacher, under an employment by the trustee of the school township. She declared upon a written contract, and as an excuse for not setting out, or filing a copy of it with the complaint, alleged that it was in the possession of the township trustee.

The statute requires that when any pleading is founded on a written instrument, the original or a copy thereof must be filed with the pleading. R. S. 1881, section 362. Whether the reason given for not filing a copy of the contract with the complaint in this case is sufficient, need not be decided. There was no demurrer to the complaint. Its sufficiency was questioned for the first time by a motion to arrest the judgment, and by an assignment in this court that it does not state facts sufficient to constitute a cause of action.

For want of a copy of the contract the complaint is defective, but that defect would have been cured by a verdict, and was cured by the finding of the court. *Westfall* v. *Stark*, 24 Ind. 377; *Purdue* v. *Stevenson*, 54 Ind. 161; *Eigenmann* v. *Backof*, 56 Ind. 594; *Scott* v. *Zartman*, 61 Ind. 328; *Galvin* v. *Woollen*, 66 Ind. 464; *Lassiter* v. *Jackman*, 88 Ind. 118; *Parker* v. *Clayton*, 72 Ind. 307; *Pennsylvania Co.* v. *Rusie*, 95 Ind. 236.

Section 4449, R. S. 1881, provides that school teachers shall, at the expiration of the terms of school, make a report to the school trustee, verified by affidavit, showing the length of the school term in days; the number of pupils admitted during the term, distinguishing between males and females,

and between the ages of six and twenty-one years; the average attendance; books used and branches taught, and the number of pupils engaged in the study of each branch; and that until such report shall have been made the trustees shall not pay more than seventy-five per centum of the teachers' wages for their services.

It is contended by appellant, that the complaint is fatally defective because it contains no averment that such report was made by appellee.

There is at least one sufficient answer to this, and that is, that conceding that such an averment is necessary, in order to recover the full amount of the agreed wages, it is clear that the lack of it does not render the complaint bad as a whole. In any event, it is good for seventy-five per centum of the agreed wages, and is thus sufficient to withstand the assault made upon it, which is upon the theory that it states no cause of action at all. We think too, that as against the motion to arrest the judgment, and the assignment in this court, the complaint is made sufficient for the whole amount of the agreed wages by the general averment that appellee " performed all and singular her duties according to said contract," etc. Stockwell v. State, ex rel., 101 Ind. 1.

There was no error, therefore, in overruling the motion to arrest the judgment. Neither can the assignment here that the complaint does not state sufficient facts be sustained.

The judgment, however, must be reversed because the special finding of facts and the judgment thereon are not sustained by sufficient evidence. As we have seen, the statute provides that the teacher shall, at the expiration of the term of the school, make a report to the trustee, and that until such report shall have been made, the trustee shall not pay to the teacher more than seventy-five per centum of the agreed wages.

When persons contract with township trustees to teach schools, they must be held to contract with reference to the

above statute. Indeed, that statute enters as a silent factor into and becomes a part of the contract. *Bryson* v. *Mc-Creary*, 102 Ind. 1; *Falmouth, etc., T. P. Co.* v. *Shawhan*, *ante*, p. 47; *Edwards* v. *Johnson*, 105 Ind. 594; *Long* v. *Straus, ante*, p. 94; *Foulks* v. *Falls*, 91 Ind. 315.

Appellee's agreement, therefore, under the law, must be interpreted to be, not only to teach the school, but also to make the report at the end of the term, and that until the report should be made she should not receive from the trustee more than seventy-five per centum of the agreed wages. Thus it will be seen that the law, which entered into the contract, imposed as a condition precedent to receiving the whole amount agreed upon, that she should make the report. Until that report is made, she has no right to receive more than seventy-five per centum of the agreed wages.

In the written contract, upon which she seeks to recover, she went beyond the terms of the above statute. She therein agreed that she would make the report as required by the statute, and that she should be paid the agreed wages upon the receipt of her report by the trustee, "made, subscribed and sworn to as the law provides." That agreement, we think, imposed, as a condition precedent to receiving any portion of the agreed wages, that she should make the report.

In the absence of the written contract, the burden would be upon appellee to allege and prove that she made the report as required by the statute, in order to recover the whole of the agreed wages. The making of the report is a condition precedent to the payment, and it is incumbent upon appellee to show a compliance with that condition, to entitle herself to the whole of the wages. · It would seem to be as necessary to make proof of such compliance, as it is to show proof of loss in insurance cases. In such cases, the rulings have been that the burden is upon the insured to show that such proof has been made in accordance with the terms of the policy. *Home Ins. Co.* v. *Duke*, 43 Ind. 418.

In the case before us, there is no proof at all that appellee

made any kind of a report to the township trustee. He, therefore, was not in any event authorized to pay to her more than seventy-five per centum of the agreed wages. The judgment awarding her the full amount is, therefore, erroneous, because not supported by sufficient evidence.

As we have seen, by the terms of the written contract, the making of the report by appellee was made a condition precedent to the payment of any portion of the wages. In failing to prove that she made such a report, she failed to show that she had performed the condition precedent, and, consequently, failed to show that she was entitled to recover by this action the amount of the agreed wages.

This is not a case of conflict in the evidence, but a case of a total want of evidence to show the performance of the condition precedent. It may be that the report was made; or it may be that the making of it was in some way waived by the trustee, but, if so, it is not shown by the evidence. Doubtless, the trustee might have waived the making of the report, so as to entitle appellee to seventy-five per centum of the agreed wages without it. Whether or not he might have waived the making of the report, so as to entitle her to the other twenty-five per centum of the agreed wages, we do not now decide.

Other questions are discussed by counsel, but as some of them may not arise upon another trial, and others may be presented in different forms, we need not decide them at this time.

Judgment reversed, at appellee's costs, and cause remanded, with instructions to the court below to sustain appellant's motion for a new trial.

Filed Sept. 16, 1886.