Yorn v. Bracken.

## YORN ET AL. v. BRACKEN.

[No. 18,671.   Filed November 24, 1899.]

APPEAL AND ERROR.—*Assignment of Error.—Judgment by Default.*— An assignment of error by defendants against whom judgment was rendered by default, that the complaint does not state facts sufficient to constitute a cause of action, presents no question as to the judgment, but only challenges the sufficiency of the complaint. *pp. 492-495.*

PLEADING.—*Theory.—Demurrer.*—The rule that a complaint must proceed upon some definite theory, and must be good upon the theory upon which it proceeds, does not require that the plaintiff must be entitled to all the relief asked for in the complaint.   If plaintiff is entitled to any of the relief asked for upon the theory of his case, the complaint is sufficient to withstand a demurrer, or an assignment of error on appeal that the same does not state facts sufficient to constitute a cause of action.   *p. 495.*

MORTGAGES.—*Foreclosure.—Party.— Pleading.*— An averment in a complaint in an action to foreclose a mortgage, that certain defendants who had contracted to pay the mortgage debt were claiming an interest in the real estate, that they had no interest in or lien thereon, and that they be required to set up such interest or lien, if any they had, entitled plaintiff to a foreclosure of the mortgage against them, although he was not entitled to a personal judgment against them.   *pp. 495, 496.*

From the Clinton Circuit Court.   *Affirmed.*

*William W. Spencer* and *Edwin P. Ferris*, for appellants. *John C. Morrison* and *Martin A. Morrison*, for appellee.

MONKS, J.—Suit by appellee against appellants to foreclose a mortgage on real estate and to recover judgment on certain notes secured thereby. Personal judgment and a decree of foreclosure were taken by default against all of the appellants, except Wills and Wills, and judgment was rendered against them on demurrer to the complaint.

Appellants each assign as error that the complaint does not state facts sufficient to constitute a cause of action.

It is alleged in the complaint, among other things, that a mortgage was executed by one Morrison and wife to appellee

on the real estate described to secure eleven promissory notes executed by said Morrison to appellee, and said mortgage and six of said notes are properly made part of the complaint. Said Morrison and wife sold and conveyed said real estate by a good and sufficient deed to appellants Wills and Wills, who, as a part of the consideration for said real estate, assumed and agreed to pay all of said notes, which contract of assumption was contained in the deed as follows: "And the grantees, as a part of the consideration for this deed assume and agree to pay a certain mortgage for $450, and interest thereon from April 21, 1895, given by the grantor to Patty H. Bracken, etc." "That thereafter appellants John M. Hatton and Carrie B. Hatton, and John A. Yorn and Gertrude Yorn entered into a contract with said appellants Wills and Wills by which they, for a valuable consideration, then and there to them paid, assumed, and agreed to pay all of said notes and debts secured by said mortgage; that the appellants John M. Hatton, and Carrie B. Hatton, and John A. Yorn and Gertrude Yorn, claim to have some interest in or lien upon said lands adverse to the lien of appellee thereon, but appellee avers that said appellants, nor either of them, have any interest in or lien upon said real estate whatever, but their claims are wholly unfounded and without right, and that they be required to set forth any right to or lien upon said real estate, if any they have." Prayer for a personal judgment, and foreclosure of the mortgage against all of appellants.

The only appellants asking a reversal are Hatton and Hatton, and Yorn and Yorn, against whom judgment was rendered by default. Said appellants seek to challenge the personal judgment recovered against them on their contract with Wills and Wills to pay the note secured by said mortgage, on the ground that their said contract was to pay the debt of another, and appellee was not entitled to recover thereon because the same was not in writing as required by

the statute of frauds. When the court below has jurisdiction over the parties no question not presented to said court is available on appeal, except jurisdiction over the subject of the action, and whether the complaint states facts sufficient to constitute a cause of action. §346 Burns 1894, §343 Horner 1897; Elliott's App. Proc. §§470, 472. The record in this case shows that a summons was issued and duly served upon said appellants Hatton and Hatton, and Yorn and Yorn. The court therefore had jurisdiction over their persons as well as the subject of the action. The rule is well settled in this State that when the court has jurisdiction over the person of a defendant and the subject of the action, the validity of the judgment cannot be questioned for the first time on appeal. Elliott's App. Proc. §§334, 332, 331, 330, 784, and cases cited; *Baker* v. *Ludlam*, 118 Ind. 87; *Shoaf* v. *Joray*, 86 Ind. 70; *Searle* v. *Whipperman*, 79 Ind. 424; *Tachau* v. *Fiedeldey*, 81 Ind. 54; *Hardy* v. *Miller*, 89 Ind. 440. Even if a judgment could be assailed for the first time in this court, an assignment of error, as in this case, that the complaint does not state facts sufficient to constitute a cause of action, would present no question upon the judgment.

Said appellants insist that, as judgment was taken against them by default, their assignment of error raises every question that would have been presented by a demurrer for want of facts to the complaint in the court below, citing *Old* v. *Mohler*, 122 Ind. 594, 597. See, also, Elliott's App. Proc. §475. A demurrer for want of facts is filed before judgment, and therefore raises no question as to the judgment, its validity, or form, and if the complaint entitles the plaintiff to any part of the relief prayed for against the party demurring, must be overruled. *Owen Township* v. *Hay*, 107 Ind. 351; *Culbertson* v. *Munson*, 104 Ind. 451; *Howe* v. *Dibble*, 45 Ind. 120; *Bennett* v. *Preston*, 17 Ind. 291.

The assignment of error in this case, under the rule declared in the case of *Old* v. *Mohler*, *supra*, therefore pre-

sents only the same question that would have been presented if said appellants had filed a demurrer for want of facts to the complaint in the court below, and had assigned the overruling of said demurrer as error on this appeal. It is clear that such an assignment of error would not assail the judgment. It is evident therefore that the error assigned in this case does not assail the judgment, but challenges the sufficiency of the complaint only.

It is true that the theory upon which the complaint was drawn is that upon the facts therein alleged appellee was entitled to a decree of foreclosure and a personal judgment against all the appellants; but the rule insisted upon by said appellants "that a complaint must proceed upon some definite theory and must be good upon the theory upon which it proceeds" does not require that the plaintiff must be entitled to all the relief asked for in the complaint to render it sufficient. If the plaintiff in an action is entitled to any of the relief asked for upon the theory of his case, then the complaint is sufficient to withstand a demurrer or assignment of error that the same does not state facts sufficient to constitute a cause of action. *Owen Township* v. *Hay*, 107 Ind. 351; *Culbertson* v. *Munson*, 104 Ind. 451; *Howe* v. *Dibble*, 45 Ind. 120; *Bennett* v. *Preston*, 17 Ind. 291.

The allegations in regard to said appellants claiming an interest in or lien on said real estate, and that they had no interest in or lien thereon, and that they be required to set up any such interest or lien, if any they had, entitled appellee to a foreclosure of said mortgage against them, upon the theory of the complaint, even if said appellants' contract with Wills and Wills to pay the note secured by the mortgage was to pay the debt of another, and appellee was not entitled to personal judgment against them thereon for that or any other reason.

The appellants claiming such interests in or lien on said real estate, appellee was entitled to an adjudication of her rights under said mortgage as against the same. *Corbey* v.

*Rogers*, 152 Ind. 169, 170; *Hoes* v. *Boyer*, 108 Ind. 494, 495; *Craighead* v. *Dalton*, 105 Ind. 72, 73, 74; *Woodworth* v. *Zimmerman*, 92 Ind. 349.

It is not necessary for us to decide, and we do not therefore decide, as to the right of appellee to recover a personal judgment against said appellants on their contract to pay the notes secured by said mortgage.

Finding no available error in the record, the judgment is affirmed.