The plaintiff in error was defendant below and the defendant in -error w-as plaintiff below. The action was f-or damages from overflow of a isewer.
The petition substantially alleged that the plaintiff was the owner of a certain dwelling house in the city of Cincinnati. That the defendant, a municipal corporation, maintained -a sewer under and along the street adjacent to plaintiff’s- property through which large quantities of waste and surface water from the streets and cellars'is accustomed to find -escape, an-d with which plaintiff’s cellar communicates by drain. Plaintiff averred that the said sewer was inadequate to receive the waste and surface water which accumulated in that locality, and that said city failed and neglected to construct a proper sewer in said street; that during the years 1895, 1896, 1897, 1898, 1899 and up to the present time, during large rainfalls said sewer was negligently allowed to become filled with dirt and rubbish, *628 and the flow of water impeded and unable to pass off through said sewer by reason of its incapacity, and thereby filth and offensive refuse water and offal from various substances was sent back through plaintiff’s said drain into his cellar, and during all said years said cellar has. been, by reason of said water so sent back, flooded at times of rain, and kept damp and unhealthy at -all times; whereby his enjoyment of said property has been diminished and the value lessened.
The answer of the city was a general denial, practically, and also set up the plea of the statute of limitations, as to certain years,
A general verdict was returned for ¡the plaintiff below, and in connection with the general verdict the jury answered certain interrogatories, which were as follows:
Interrogatory No. 1 was propounded on behalf of the defendant.
“(1) Was the injury, if any, to plaintiff’s property caused by the inadequacy of the sewer or catch-basin to carry off the surface water in case of heavy rains ? Answer. Yes. ’ ’
The plaintiff also submitted interrogatories to the jury, wbicb were as follows:
“(2) Was tbe injury, if any, to the plaintiff’s property caused by the inadequacy of the Sixth street sewer to carry off the sewage, refuse and filth contained therein in case of heavy rains? Answer. Yes.
“ (3) In ease of heavy rains during the four years prior to the bringing of this action was the plaintiff’s premises flooded by back water and sewage previously discharged into said Sixth street sewer? Answer. Yes.”
A motion for new trial was duly filed by the defendant below, assigning, amionlg other causes, failure of the court to direct a verdict for defendant below at the conclusion of plaintiff’s testimony. The motion was overruled.
Defendant -below also filed a motion for judgment notwithstanding the general verdict, upon the answer of the jury to the special interrogatory propounded on behalf of the defendant. This motion was overruled. Judgment was entered on the ver *629 diet, and plaintiff in error predicates error -on the action of the court as referred to.
Plaintiff in error failed to take a bill of exceptions embodying all the evidence.
Although the petition in error 'assigns several grounds of error, two grounds only are relied on in argument. It is contended by plaintiff in error that if the injury for which the plaintiff in the court below recovered a verdict was caused by the insufficiency of .the sewer to carry off the surface water in the ease of heavy rains, the plaintiff can not recover (Springfield v. Spence, 39 Ohio St., 665). And that the answer to interrogatory 1 was inconsistent with the general verdict, and that, therefore, under Section 5202, Revised Statutes, the court below should have rendered judgment for defendant below notwithstanding the general verdict.
It is further contended by plaintiff in error that in considering the motion for a judgment, notwithstanding the verdict, on the ground that the -answer to the special interrogatory is inconsistent with the general verdict, the court can -only consider such -interrogatory and its answer and the pleadings. Reliance for this proposition is had on McCoy et al, Trustees, v. Jones, 61 Ohio St., 119. A careful reading of that case, however, reveals that the motion referred to in that case, is the motion provided under Section 5328, Revised Statutes, which is -as follows:
“When upon the statements in the pleadings one party is entitled by 1-aw to judgment in his favor, judgment shall be rendered by the court although the verdict has been found against such party.”
Before the passage of the code a motion for judgment non obstante veredicto was purely a plaintiff’s remedy (Buckingham v. McCracken, 2 Ohio St., 287). Since the adoption of the code however the substance of a motion non obstante veredicto and of a motion in arrest of judgment (a defendant’s remedy) was carried into the code under Section 5328. McCoy et al, Trustees, v. Jones simply holds that in disposing of motions under that section the court should consider the “statements *630 in the pleadings” and that the record outside of the “statements in the pleadings” should not be considered by the court. In considering the motion filed by defendant below for judgment because of inoomsiisteney in the interrogatories, the court was not bound to a consideration of the pleadings and the alleged inconsistent interrogatory only. Section 5202, Revised Statutes, provides:
“When the special finding of facts is inconsistent with the general verdict the former shall control the latter and the court may give judgment accordingly. ”
Now the Indiana code is precisely similar to our own, and our circuit court, after reviewing the Indiana authorities at some length, concludes that the general verdict must prevail if reconcilable with the answers to the special interrogatories upon my state of facts provable under the issues in the case. Toledo Elec. St. Ry. Co. v. Bateman, 16 C. C., 162.
In Indiana & St. Louis R. R. Co. v. Stout, Admr., 53 Ind., 143, it was said:
“Judgment will not be directed against a party in whose favor a general verdict has been rendered unless the antagonism of answers to special interrogatories is such that the special findings can not on any hypothesis be reconciled with the general verdict.”
The court therefore must consider all the interrogatories and the answers thereto taken together, and they must be read as a whole, and any reasonable hypothesis will be indulged in in order to reconcile the answers to the special interrogatories with the general verdict. “Every reasonable presumption will be indulged in favor of the general verdict. ’ ’ Lassiter v. Jackman, 88 Ind., 118.
Reading these interrogatories 'and answers together and in view of the facts in the case, was there then, such glaring inconsistency as to warrant judgment for the city ? Or was there any inconsistency?
The petition, which is substantially set out above, is somewhat loosely drawn, it is true, but nevertheless it states a legal cause of action sufficient to support a verdict. See Dillon on Municipal *631 Corporations, 4th Ed-., Sections 1047, 1048 and 1049, and eases cited. The gist of the complaint was negligence in the citjy.in permitting one of its sewers to become obstructed or to- remain in such a condition as under conditions to cause a bach floto of sewage on to defendant in error’s property.
Such a state of facts is to be distinguished from the facts in Springfield v. Spence, supra. In that ease the court held that there was no liability for failure to provide drain-age for surface water, for that was a failure to exercise a duty purely judicial in its nature. Under the state -of facts here presented, however, there was a failure of ministerial duty on defendant’s part to keep its sewer in- proper condition. For the breach of such a duty there is a corresponding liability. See Dillon on Municiipal Corporations, supra.
While it may seem that the special interrogatory propounded by defendant below (plaintiff in error), with it® answer, is inconsistent with the general verdict, still, when this interrogatory and its answer is read in conjunction with the special "interrogatories propounded by plaintiff below, and the answers thereto, it will be apparent that there is no such -antagonism ■and irreconcilable inconsistency between the special findings ■and the general verdict as to cause the former to control.
It is true the jury found in answer to the interrogatory- of plaintiff in error, that the injury was caused by the insufficiency of the- sewer to carry off surface water in the case of heavy rains, but, -as it also found the injury was caused by the inadequacy of the Sixth street sewer to carry off sewage, refuse and filth contained therein, in case -of heavy rains, and that during the four years prior to- the institution of the suit plaintiff’s property, i-n ease of heavy rains, was flooded by back wash and sewage previously discharged in the city sewer, it seems clear to us that such findings support the contention of defendant in error, viz., that the city was negligent in suffering a condition to- exist, which caused 'back flow of sewage and filth on the property of defendant in error. In other words, both the general verdict and the interrogatories seem to u-s- in every sense consistent -and responsive to the charge of negligence averred in the petition.
■Albert H. Morrill, Assistant City Solicitor, for plaintiff in error.
John G. Healy, for defendant in error.
The mere fact that the sewer in addition to its being inadequate to carry off the refuse and filth, which refuse and filth under certain conditions backed onto the property of defendant in error, was also of insufficient capacity to carry off the surface water in case of heavy rains, did not render defendant’s liability any less.
In view of the 'foregoing we are of the opinion that the answers to the interrogatories read as a whole, indicate that the jury clearly intended to find and did find the city guilty of negligence in suffering a state of facts, whereby a sewer used for carrying off sewage was so maintained that at times the sewage backed onto the property of defendant in error.
We find- no inconsistency between the answers to the interrogatories and the general verdict. This being so-, we conclude that the court below did not err in overruling the motion for judgment filed by the city.
We are likewise of opinion that the motion for -new trial was properly overruled.
Finding no other error prejudicial- to plaintiff in.error, the judgment 'below will be affirmed with costs.