Merritt v. Richey.

No. 14,764.

## MERRITT v. RICHEY.

REAL ESTATE.—*Purchaser at Sheriff's Sale.*—*Title.*—*Relation Back to Rendition of Judgment.*—The title of the purchaser of land at a sheriff's sale relates back to the rendition of the judgment on which the sale is made.

SAME.—*Wrongful Possession.*—*Damages.*—After the expiration of the year for redemption the purchaser at the sheriff's sale is entitled to a judgment for possession, and for damages to the amount of the rental value against a purchaser from the judgment debtor, subsequent to the rendition of the judgment, who wrongfully continues in possession after the expiration of the year for redemption.

SAME.—*Loss by Fire.*—*Liability of Occupant.*—The purchaser from the judgment debtor does not become a mere trespasser by remaining in possession, since his entry into possession was rightful, and he is not liable for the loss of the building by fire, the result of an accident, during his occupancy of the property.

PRACTICE.—*Cross-Errors.*—*Amount of Recovery.*—*Question of, How Presented.*—Where a plaintiff desires to present a question as to the amount of recovery, the correct practice is to move for a new trial, and assign the proper cause in the motion.

From the Clinton Circuit Court.

*J. V. Kent*, for appellant.

*J. N. Sims*, for appellee.

ELLIOTT, J.—On the 1st day of May, 1887, David P. Bainer recovered judgment against Marcellus Burton and others, and on the 11th day of September, Bainer assigned the judgment to the appellee. On the 23d day of October, 1880, Richey, the appellee, caused an execution to issue on the judgment, and on the 11th day of December the sheriff sold the land in controversy to the appellee. A certificate was issued to the appellee, and, at the proper time, a deed was executed to him. At the time the judgment was rendered Burton was the owner of the land, but subsequently conveyed it to the appellant, who took possession of the property. At the time the appellant took possession there was a house on the land, but it was consumed by fire on the

30th day of January, 1885.  It was of the value of three hundred and fifty dollars.  The rental value of the premises from the 11th day of December, 1880, until the 30th day of January, 1885, was seventy-two dollars per annum; since the day last named the rental value has been eighteen dollars per annum.  The appellant made permanent improvements of the aggregate value of one hundred and fifteen dollars.  The rental value of the property aggregates four hundred dollars, and the appellee was prevented from receiving it by the wrongful act of the appellant in remaining in occupancy of the property.  The facts exhibited in our statement are condensed from the special finding made by the court, and on these facts judgment was rendered in favor of the appellee for the possession of the real estate and four hundred dollars damages.

The facts fully justify the conclusion that the appellant was wrongfully in possession of the land, and without right excluded the appellee, for the latter became the owner by virtue of the sheriff's sale and deed.  The title of the appellee relates back to the rendition of the judgment (*Paxton* v. *Sterne, ante*, p. 289; *Wright* v. *Tichenor*, 104 Ind. 185; *Orth* v. *Jennings*, 8 Blackf. 420), hence the appellant was, after the expiration of the year for redemption, wrongfully in possession of the property, and the appellee was entitled to a judgment for possession and for damages.  The decision in *Dobbins* v. *Baker*, 80 Ind. 52, is not opposed to this conclusion; on the contrary, it gives it full support.

Counsel is in error in asserting that the court allowed damages for the house destroyed by fire.

The judgment in favor of the appellee is so clearly right that there is little reason for discussion.

Cross-errors have been well assigned by the appellee, and he has adopted the appropriate mode of presenting the questions his counsel has argued.  He moved for a new trial and reserved the proper exceptions.  This correctly presents the

question as to the amount of the recovery, for, where a plaintiff desires to present such a question the correct practice is to move for a new trial and assign, as was done in this instance, the proper cause in the motion. While there is no statute providing for the assignment of cross-errors, the right to make such an assignment has been asserted in many of our decisions, and has long been recognized by the rules of the court. Where the proper steps are taken below there is no necessity for a separate appeal by the appellee, nor, as a general rule, for a separate transcript, but it may be in some cases necessary for the appellee to secure additions to a transcript prepared at the instance of the appellant. *Feder* v. *Field*, 117 Ind. 386. The jurisdiction having been obtained for one purpose, it exists for all purposes, and there is neither reason nor necessity for dissecting a case into parts. *Chapell* v. *Shuee*, 117 Ind. 481 ; *Ex parte Sweeney*, 126 Ind. 583, and cases cited.

The question presented by the assignment of cross-errors is as to the right of the appellee to recover for the house burned during the appellant's occupancy of the property. There is no finding that there was any negligence on the part of the appellant or his tenant, and, as the presumption is ordinarily against culpable negligence, we must assume that there was no negligence. See authorities cited note 2, p. 639, Elliott Roads and Streets. It must, under this familiar and settled rule, be assumed that there was no culpable negligence, and, as a necessary sequence, that the fire was the result of an accident. The general rule is that for loss resulting from an accident there is no liability in cases not arising out of contract. *Nave* v. *Flack*, 90 Ind. 205 (210) ; *Wabash, etc., R. W. Co.* v. *Locke*, 112 Ind. 404 (411) ; *Beatty* v. *Gilmore*, 16 Pa. St. 463 ; *Hale* v. *Smith*, 78 N. Y. 480. If this case can be taken out of the general rule it must be for the reason that the appellant wrongfully continued in possession, for his entry into possession was rightful. He was not a mere trespasser in possession without color of right, and can not be

treated as one who is guilty of a positive wrong, involving moral turpitude. We can perceive no reason for holding a party who enters, as the appellant did, into the possession of property, liable for accidental injuries to property, to which injury no fault of his proximately contributed. Nor can we find any authority which lends support to such a doctrine.

We have examined the question upon the theory adopted by counsel, but it is proper to say that under the rule declared in *Bottorff* v. *Wise,* 53 Ind. 32, it seems that, even if a right of action existed, it could not be made available in an action for the recovery of real estate. It is, however, unnecessary to do more than make a passing suggestion upon this point.

Judgment affirmed, with five per cent. damages.

Filed March 13, 1891.