No. 1,457.

## LEAK v. THORN.

DEMURRER.—*To Complaint.—Insufficiency.*—A ground of demurrer, that the complaint does not state facts to constitute a cause of action, is not sufficient to show that plaintiff is not entitled to recover something of defendant, and is not well taken.

SAME.—*For Want of Facts.—Separate Causes of Action.*—The fact that the complaint shows a separate action against each of the defendants, is no ground of demurrer for want of facts.

APPELLATE COURT PRACTICE.—*Reversal of Judgment.—Improper Joinder of Causes of Action.*—The improper joinder of two or more causes of action is no cause for reversal of judgment.

EVIDENCE.—*Contract, Written.—Parol Proof.*—Where it appears that the entire contract was reduced to writing, parol evidence was properly excluded, which was in contradiction of the written instrument.

From the Warren Circuit Court.

*W. P. Rhodes*, for appellant.

*E. Stansbury, J. C. Stephens* and *J. T. Hanley*, for appellee.

REINHARD, C. J.—Thorn sued Leak and his wife to

recover $800.00 for a ditch assessment, alleged to be a lien on property purchased by Thorn of Leak and wife and conveyed to him by them by deed of general warranty. Parmelia Leak, appellant's wife, demurred separately to the complaint, and her demurrer was sustained. The appellant also filed a separate demurrer to the complaint, but it was overruled, and he excepted to the ruling. The appellee, Thorn, then filed a second paragraph of complaint against both defendants. To this paragraph each of said defendants demurred separately, which demurrers were overruled, and exceptions reserved to the ruling.

The appellant has assigned as error the overruling of each of his separate demurrers.

The separate demurrer of the appellant to the first paragraph of complaint, or the complaint before the second paragraph was added, contains but one ground of demurrer, viz. : That the complaint does not state facts to constitute a cause of action. It is not claimed by appellant that the complaint fails to show that the plaintiff (Thorn) is entitled to recover something against Gideon Leak. The demurrer is, therefore, not well taken. The fact that the complaint shows a separate action against each of the defendants is no ground for demurrer for the want of facts.

The appellant's demurrer to the second paragraph of the complaint contains two grounds, viz. :

1. Want of sufficient facts.

2. Because two causes of action are improperly joined.

The improper joinder of two causes of action is urged in support of both grounds of demurrer. It is no cause for demurrer for the want of facts that two or more causes of action have been improperly joined. The first ground of demurrer was therefore not well assigned. The

second cause of demurrer is not such as could lead to a reversal in any event, granting that the ruling was erroneous.   R. S. 1894, section 344 (R. S. 1881, section 341); *Carnahan* v. *Chenoweth*, 1 Ind. App. 178; *Cargar* v. *Fee*, 140 Ind. 572.

At the trial the appellant offered to prove by parol (by himself and wife), that the appellee had assumed the payment of the ditch assessment as part of the purchase money.   A written agreement then exhibited to the court showed that the entire contract of sale had been reduced to writing and was in direct contradiction to the proposed parol evidence.   The court excluded the proposed testimony, and, we think, correctly so.

Judgment affirmed.