VANDEVENDER ET AL. *v.* MOORE ET AL.

[No. 17,826.   Filed May 7, 1896.   Rehearing denied Oct. 1, 1896.]

PRACTICE. —*Partition.*—Objections to a judgment in partition of lands setting off the portion of one party without any adjudication as to the rights of the other parties must be made by motion to modify such judgment in the trial court.   *p. 47.*

JUDICIAL SALE.—*Sheriff's Certificate.*—*Lien.*—A certificate of sheriff's sale of real estate confers no title, but is evidence only of a lien. *p. 49.*

SAME.— *Rights of Married Women.*— *Parties.* — The wife of a purchaser of lands sold under foreclosure of a mechanic's lien acquires no interest in such lands as against a prior mortgagee thereof, and in an action to foreclose such mortgage it was not necessary to make the wife of the purchaser at the mechanic's lien sale a party defendant. *pp. 50 and 51.*

From the Madison Circuit Court. *Reversed.*

*T. B. Orr,* for appellants.

*Bagot & Bagot,* for appellees.

McCABE, J.—The appellee, Julia A. Moore, and her husband, sued the appellants for partition of and to quiet title in and to real estate consisting of nine acres and a fraction of land in Madison county. The issues formed upon the complaint and cross-complaint were tried by the court without a jury, resulting in a special finding of the facts, on which the court stated a conclusion of law favorable to appellee, Julia A., and thereupon the court rendered judgment quieting her title to the undivided one-third and of partition in her favor; her husband seems to have been made a party simply because he was the husband of the plaintiff. The only error assigned is upon the conclusion of law stated by the court.

The substance of the special finding is to the effect that, in May, 1891, Decatur Vandevender was the owner of the legal title of the land, describing it, and

at the same time one Charles Orvis owned the equitable title. And at the same time, Niece & Niece held a mechanic's lien against said real estate; that, on December 3, 1891, said Vandevender and wife conveyed said land to said Orvis, and thereupon on the same day said Orvis and wife mortgaged back to said Vandevender said land to secure notes for the purchase-money, aggregating $4,048.00, which mortgage was duly recorded December 7, 1891; that, on June 11, 1891, said Niece & Niece foreclosed their mechanic's lien in the Madison Circuit Court, making defendants therein said Vandevender, Orvis, and others, the judgment amounting to $181.00 and costs; that on August 6, 1892, said land was sold by the sheriff of said county on the last named decree to said Samuel P. Moore for $218.30, the amount of the decree and costs. No redemption from said sale having been made, on August 7, 1893, said sheriff executed to said Samuel P. Moore, a deed pursuant to his certificate issued to said Moore on the sale aforesaid; that during all the time mentioned above, and ever since, appellee, Julia A. Moore, was and is the wife of appellee, Samuel P. Moore; that on March 13, 1893, said Vandevender obtained a decree in the Madison Circuit Court foreclosing his mortgage for $4,475.72, making Orvis and wife, Samuel P. Moore and others, defendants, but did not make appellee, Julia A. Moore, a party in any way; that in said last named decree the court specially found and adjudged that said Samuel P. Moore had and held a lien, evidenced by the sheriff's certificate aforesaid, which lien was further found and adjudged to be junior and subsequent to the lien of the mortgage of said Vandevender; that on April 22, 1893, the sheriff of said county sold said real estate to said Vandevender for $2,200.00 on a precept duly issued to him on said last named decree, and issued to

said purchaser a certificate of such sale; and no redemption having been made from said sale, said sheriff, on April 23, 1894, executed a conveyance of said real estate to said Vandevender, pursuant to said sale and certificate aforesaid; that the rental value of said real estate for the year 1893 was $20.00; that Vandevender has paid all the taxes, amounting to $20.00; that Vandevender had full possession of the real estate, and that no conveyances have been made by either of the parties since those already mentioned; that a reasonable attorney's fee for plaintiff's attorney is $100.00, and that said real estate is worth less than $10,000.00.

The conclusion of law is: "That Julia A. Moore is the owner of one-third in fee and entitled to have partition of the same, and recover of said defendant Vandevender $6.66, less the taxes which he has paid thereon $6.66."

The conclusion of law is so general that it is difficult to determine what was the legal conclusion, or rather, it involves several legal conclusions.

It will be observed that the facts found show that the mechanic's lien was older than the mortgage, and therefore the sheriff's sale and deed thereunder, in the absence of other facts, vested title in Samuel P. Moore, the purchaser thereunder, paramount and superior to the title vested in Vandevender by his purchase at his foreclosure sale under his mortgage. That being so, it is difficult to see how Julia A. Moore, wife of Samuel P., became vested with any other interest therein than that of an inchoate or contingent interest, which has not as yet, and may never, ripen into any actual interest whatever.

Because, if the facts last mentioned are uncontrolled by the other facts found, Samuel P. Moore is the owner in fee-simple of all the land, and his wife,

Julia A., has no fee-simple interest in any part of the land, nor any other interest which can be the subject of partition (Burns' R. S. 1894, sections 1200, 1201, R. S. 1881, 1186, 1187), or of an action to quiet title Burns' R. S. 1894, section 1082 (R. S. 1881, 1070).

The judgment in this case quiets the title in Julia A. in the undivided one-third of the land and awards partition in her favor without any showing who owns the other two-thirds. It is difficult to comprehend on what ground a partition judgment can rest where land is only set off to one of the parties without any adjudication as to the rights of the other parties, or as to who is entitled to the balance of the land. However, this is such an objection as must be taken by a motion in the trial court to modify which was not done.

It seems probable that the rights of Julia A. Moore so engrossed the minds of the court and counsel that the rights of the appellant Vandevender in the balance of the land, which were not in controversy, were overlooked or entirely forgotten.

But it is conceded by the appellee's counsel that, under all the facts found, Vandevender's purchase at sheriff's sale under his foreclosure decree vested in him title paramount and superior to the title vested in Samuel P. Moore under his purchase at sheriff's sale on the decree foreclosing the Nieces' mechanic's lien.

That concession rests upon the fact that in the foreclosure of his mortgage by Vandevender it was specially found and adjudged that Samuel P. Moore held a lien by virtue of his certificate of sheriff's sale on the mechanic's lien foreclosure, and that Vandevender's mortgage lien was prior and superior thereto.

It has been held by this court, and we think correctly, that a decree of foreclosure of a junior lien

wherein it is adjudged that such lien is senior to another lien, is conclusive between the parties. *Harrison v. Phoenix Ins. Co. et al.*, 83 Ind. 575; *Jones* v. *Vert*, 121 Ind. 140; *Ulrich* v. *Drischell*, 88 Ind. 354; *Barton* v. *Anderson*, 104 Ind. 578; *First Nat. Bank* v. *Hendricks*, 134 Ind. 361.

So then, so far as the law of the case now before us is concerned, it is to be taken as a fact conclusively established by the special finding of facts, that the lien of Vandevender's mortgage was prior and superior to the lien of the mechanic's lien under which Moore purchased. Whether this or the contrary was the legal opinion of the trial court we have no means of knowing on account of the court having stated its conclusion of law in terms too general and indefinite.

From the briefs of counsel on both sides, and other circumstances, it is probable that the trial court held the same views we have expressed as to the conclusive priority of the lien of Vandevender's mortgage.

And it is further rendered probable by the briefs and other circumstances that the court meant, by its conclusion of law, that the purchase by Samuel P. Moore at sheriff's sale, and the sheriff's deed under the mechanic's lien foreclosure, vested in him the title, and the failure to make his wife, Julia A., a defendant in the foreclosure suit by Vandevender brought her within the provisions of the act of 1875, concerning the rights of married women in the real estate of their husband's sold at judicial sales. That act provides that "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a

Vandevender *et al. v.* Moore *et al.*

married woman now become absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs and assigns, subject to the provisions of this act, and not otherwise," and then it provides for partition by the wife. Burns' R. S. 1894, section 2669 (R. S. 1881, 2508).

Counsel on both sides have argued the question as if it depended on the fact whether Samuel P. Moore's certificate of purchase constituted a mere lien or an equitable title, and great importance is attached to the fact by the appellant's counsel that the year for redemption from Moore's purchase had not expired when Vandevender purchased at his foreclosure sale. It is argued by the appellant that for that reason Moore's certificate being only a lien and no title, his wife, Julia A., had not even a contingent interest, hence not necessary to make her a party to Vandevender's foreclosure of his mortgage. It is well settled that a certificate of sheriff's sale of real estate confers no title, but is evidence only of a lien. *Robertson* v. *Van Cleave*, 129 Ind. 217, 15 L. R. A. 68, and authorities cited.

On the other hand, the appellee concedes that the sheriff's certificate of sale did not constitute title, and did not vest title in Samuel P. Moore, but evidenced only a lien capable of ripening into title in case there was no redemption within one year; but she contends that when the year expired without redemption, and the sheriff's deed was executed to her husband, it related back to the date of the sheriff's sale to him, and that, as the finding shows, antedated the foreclosure of Vandevender's mortgage. And hence, it is argued, that when appellant Vande-

vender's mortgage was foreclosed, the absolute title
by such relation vested in Samuel P. Moore, and
hence his wife had an inchoate interest in the land,
and she, not having been made a party, and such in-
terest not having been directed to be sold or barred in
the decree, she now is authorized by the statute
quoted to assert that right by a suit for partition.

Counsel for appellee cite in support of this conten-
tion decisions of this court to the effect, and we think
they state the law, that on a judicial sale of real estate
owned by a married man his wife's inchoate interest
becomes absolute and vested in her when the deed is
executed to the purchaser, and by relation it reaches
back to the date of the sheriff's sale, and is in effect
the same as if her title became absolute at the date
of the sheriff's sale. *Elliott* v. *Cale et al.,* 113 Ind. 383;
*Elliott* v. *Cale,* 80 Ind. 285 ; *Hollenback* v. *Blackmore,*
70 Ind. 234; *Riley* v. *Davis,* 83 Ind. 1; *Summit* v.
*Ellett,* 88 Ind. 227; *Currier* v. *Elliott,* 141 Ind. 394.

But a more serious question arises back of that in
this case, and which must be determined in favor of
the appellee before any interest could vest in Samuel
P. Moore, the purchaser at the mechanic's lien fore-
closure sale, and hence before any contingent interest
could vest in his wife, Julia A.

And that question is, whether Samuel P. Moore, by
his purchase ever acquired any interest in the land as
against Vandevender's title, derived through his pur-
chase and sheriff's deed on his foreclosure decree.

This question does not seem to have attracted the
attention of counsel on either side, but it confronts us,
and its decision one way or the other is absolutely
necessary to a decision of the case.

As before observed, the priority of Vandevender's
mortgage over the Niece mechanic's lien was conclu-

sively established by Vandevender's foreclosure decree.

Therefore, when Moore purchased under the mechanic's lien foreclosure he bought subject to Vandevender's mortgage. As against such mortgage, neither Moore nor his wife acquired any interest in the land by his purchase. *Kissel* v. *Eaton*, 64 Ind. 248.

It was held in the case just cited that the wife of the grantee of lands encumbered by a mortgage has no inchoate interest in the lands as against the mortgagee. That was suit for partition precisely like this. It was said there by Worden, J., speaking for the court, that: "When the land was conveyed by Anderson and his wife to Peter Kissel, it was encumbered by a mortgage which Anderson and his wife had executed to Espy. The plaintiff, as the wife of Peter Kissel, never acquired any inchoate interest in the land that was not subject to that mortgage. As against the mortgagee she never had any interest in the land, inchoate or otherwise." *Butler* v. *Thornburgh, Admr.*, 141 Ind. 152.

The reasons that lie at the foundation of this decision are, that the foreclosure of a mortgage does not extinguish the lien, but operates as a continuation thereof from the date of its creation. *Lapping* v. *Duffy*, 47 Ind. 51; *Evansville Gas-Light Co.* v. *State, ex rel.*, 73 Ind. 219. And a purchaser at a sheriff's sale occupies the same position as if he had purchased the land from the debtor at the same date as that on which the judgment was rendered or the lien of the mortgage attached. *Paxton* v. *Sterne et al.*, 127 Ind. 289, and cases there cited; *Merritt* v. *Richey*, 127 Ind. 400; *Orth* v. *Jennings*, 8 Blackf. 420.

It follows, from what we have said, that appellee, Julia A. Moore, never acquired any interest in the land in question as against the title of appellant, Van-

devender, derived through the foreclosure of his mortgage, purchase, and sheriff's deed thereunder.

The judgment is reversed and the cause remanded, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and to render judgment thereon in favor of the appellant, Vandevender.