## BROWN v. COX.

[No. 19,472. Filed April 11, 1902.]

QUIETING TITLE.—*Complaint.*—A complaint to quiet title alleging that plaintiff is the owner in fee simple and entitled to the possession of the real estate, and that defendant is claiming title thereto, and a right to the possession thereof, which claim is without right, and unfounded, and casts a cloud upon plaintiff's title, is sufficient, under §1082 Burns 1901, although it is not averred that the title claimed by defendant is adverse to the title claimed by plaintiff. *pp. 365, 366.*

TRIAL.—*Exception.—Offer to Prove.—Appeal and Error.*—No question is presented on appeal on the exclusion of testimony where the offer to prove was not made until after the ruling and exception. *p. 366.*

QUIETING TITLE.—*Adverse Possession.—Evidence.*—Where in an action for possession, and to quiet title, it appeared that defendant, while the owner of the real estate, executed a mortgage thereon to plaintiff, which mortgage was duly foreclosed and the

property purchased by plaintiff, and, after the expiration of the year of redemption, a sheriff's deed executed to plaintiff, and thereafter defendant unsuccessfully prosecuted an action to set aside the sale and conveyance, alleging ownership of the land, and, in the action to quiet title, appeared and filed an answer in general denial and a cross-complaint asserting ownership and right of possession against plaintiff, no direct proof was necessary that defendant was claiming title or interest in the land adverse to plaintiff. · *p. 367.*

QUIETING TITLE.—*Execution Sale.*—*Possession.*—When a purchaser of land at a sheriff's sale obtains his deed therefor he is entitled to the immediate possession, and the act of the former owner in withholding it from him is unlawful. *p. 367.*

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by William Cox against Catherine V. Brown to quiet title. From a judgment for plaintiff, defendant appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*I. M. Sharp* and *B. F. Ratcliff,* for appellant.
*P. H. Dutch,* for appellee.

HADLEY, J.—Suit by appellee for possession, and to quiet title. Complaint in two paragraphs, each of which was sustained on demurrer. Answer in general denial, and a cross-complaint to quiet title in the defendant. Answer of former adjudication to the cross-complaint. Trial by the court, and finding and judgment for appellee. The assignment challenges the action of the court in overruling the demurrer to the second paragraph of the complaint, and in overruling the motion for a new trial.

I. The second paragraph of complaint is to quiet the plaintiff's title. In this paragraph it is averred "that the plaintiff is the owner in fee simple, and entitled to the possession of the described real estate; that the defendant is claiming title to said real estate, and a right to the possession thereof, which claim is without right, and unfounded, and casts a cloud upon the plaintiff's title." The statute relating to the subject (§1082 Burns 1901) provides that an

action may be brought by any person having an interest in real estate against another who claims title to, or an interest in, the property adverse to the plaintiff. It is contended that this complaint is bad because it does not aver that the title claimed by the defendant is adverse to the title claimed by the plaintiff. It must be conceded that the complaint is carelessly drawn, yet under the liberal construction we are required to give the statute (*Johnson* v. *Taylor,* 106 Ind. 89, 91) we think it sufficient to withstand a demurrer. It is not essential to a complaint to quiet title that the language of the statute shall be employed. It is enough if the facts pleaded clearly show that the claim asserted by the defendant is adverse to the claim of the plaintiff. *Johnson* v. *Taylor,* 106 Ind. 89; *Island Coal Co.* v. *Streitlemier,* 139 Ind. 83.

Here the plaintiff alleges that he is the owner in fee, and entitled to the possession, and that the defendant's claim of title is unfounded and without right. If this is true, it follows that the title and right of possession claimed by the defendant is necessarily adverse.

II. It appears that upon the trial, as against the answer of former adjudication, appellant's witness had testified that he was one of her attorneys in the trial of said former suit, and was present and heard the trial judge announce his decision of the case, from which point the record proceeds as follows: "You may state to the court what Judge Terhune, in disposing of the case, said in reference to the point decided in it. To which question the plaintiff objected, and the court sustained the objection, to which ruling of the court the defendant at the time excepted." After this ruling and exception there followed an offer to prove, a refusal of the offer, and an exception by appellant. It has been many times decided that this sort of procedure presents no question, for reasons stated in the following cases: *Deal* v. *State,* 140 Ind. 354, 371; *Gunder* v. *Tibbits,* 153 Ind. 591, and cases cited; *Wilson* v. *Carrico,* 155

Ind. 570, and cases cited; *Miller* v. *Coulter,* 156 Ind. 290; *Pittsburgh, etc., R. Co.* v. *Machler, ante,* 159.

III.   It appears from the record that the appellant, at the time she executed the mortgage to appellee, was, by successive conveyances from the government, the owner in fee of the mortgaged premises, and that every step in the foreclosure proceeding, from the filing of the complaint to the execution and delivery of the sheriff's deed to appellee as the purchaser, was taken as prescribed by law.   It is further shown that after the year for redemption had expired, and appellee had received his deed, appellant instituted and unsuccessfully prosecuted to final judgment in the Boone Circuit Court, her suit against appellee to set aside the sale and conveyance, alleging ownership of the property, and the invalidity of the note and foreclosure proceedings upon which they are based.   In this action she appears and files an answer in general denial of both paragraphs of the complaint, and also pleads affirmative matter by way of cross-complaint still asserting ownership and right of possession against appellee.   In the face of this record it is contended on appellant's behalf that there is a failure of proof in support of each paragraph of the complaint:   (1) Because on the ejectment paragraph there was no proof that appellant's possession was unlawful, or that she unlawfully kept appellee out of possession; (2) because, on the paragraph to quiet title, there was no direct evidence that appellant was claiming any title or interest in the land adverse to appellee. With respect to the first, no such proof was necessary. After the delivery of the sheriff's deed to appellee, appellant's possession as against appellee became unlawful by operation of law.   After he got his deed, appellee occupied the same relation to the property as if he had purchased it directly from appellant (*Vandevender* v. *Moore,* 146 Ind. 44, 51, and cases cited), and was entitled to immediate possession.   *Merritt* v. *Richey,* 127 Ind. 400.   If appellee became thus entitled to the possession, the withholding of it from him was unlawful.

As to the second, it would seem that the trial judge might have found ample proof of appellant's adverse claim, when she stood before the court denying appellee's ownership and right of possession and claiming both for herself.

Judgment affirmed.