## GILMAN v. FULTZ.

[No. 5,537. Filed April 20, 1906.]

1. PLEADING.—*Complaint.—Sufficient as to Part of Claim.*—A complaint sufficient as to any portion of the demand will withstand a demurrer for want of facts. p. 611.

2. SAME.—*Complaint.—Usury.—Recovery.*—A complaint for the recovery of usurious interest paid to defendant, which alleges that plaintiff borrowed $30 for 30 days and that defendant collected plaintiff's wages and retained such sum together with $10 additional as usurious interest, is sufficient. p. 611.

From Elkhart Circuit Court; *Joseph D. Ferrall,* Judge.

Action by Isaac Fultz against Henry Gilman. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James L. Harman, Edward B. Zigler* and *Elias D. Salsbury,* for appellant.

*J. D. Osborne,* for appellee.

ROBINSON, J.—Action by appellee to recover alleged usurious interest. The sufficiency of the complaint as against a demurrer for want of facts is the only question presented.

The complaint avers, in substance, that appellee is an employe of a railway company; that appellant is engaged in loaning money to railroad employes at usurious rates of interest and taking assignments of their pay to come due as security for such loans; that about January 1, 1898, appellee applied to appellant for a loan of money; that appellant loaned to him $30, for which appellee gave his note due in thirty days, and as security therefor gave to appellant an assignment of his wages to come due on the 20th day of that month; that the amount due appellee on that date was $85.99, which appellant drew from the company upon such order, and when the note became due appellant retained 'the amount thereof, and also $10 more as usurious interest thereon, out of the money so received, and paid the residue thereof to appellee; that at that time appellant loaned to appellee the sum of $30, and in like manner took an assignment of appellee's pay to come due on the 20th day of February next ensuing, as security therefor, which amount was $54.50, and which sum appellant then drew from the company on such order, and when such note became due appellant retained and kept the amount thereof, and $7 more as usurious interest from the money so received. The complaint avers a number of similar transactions subsequently had between appellant and appellee, extending over a period of time. It is further

averred that appellee could not give an itemized statement of the notes so given by him, for the reason that he kept no written memorandum thereof; but it is averred that appellant made such memorandum in a book kept by him which contained an account of the transactions with appellee. It is further averred that in the aggregate appellant, in the manner stated, drew and obtained more than $3,000 of appellee's wages and pay, and kept and retained $450 therefrom as usurious and unlawful interest on the notes so given by appellee to the appellant, and that there is now due and owing from appellant to appellee the sum of $450 and interest thereon.

It is argued that the complaint does not aver what the usurious contract was; that it does not appear what rate or amount of interest was taken or secured. As to

1. some of the amounts of alleged usurious interest the complaint is insufficient; but, if the pleading avers sufficient facts to entitle appellee to some relief, it is good against the demurrer.

It appears that the first loan that was made was for $30 for thirty days, thus fixing the sum on which the alleged usurious interest was charged and the time. It

2. further appears that within this thirty days appellant collected appellee's wages, and that when the note became due he retained the "amount thereof, and $10 more as usurious interest thereon, out of the money so received, and paid the residue thereof" to appellee. It is not material whether the pleading is held to mean that appellant retained simply the face of the note, or the face of the note and interest and $10 additional as usurious interest. If appellant retained $10 as interest on a thirty-day note for $30, a part of that sum was usurious, and it is immaterial whether the pleader characterizes it as usurious or not. The wages were assigned as security for the loan, and when the note became due, had appellee paid the amount due it would have been appellant's duty to pay the

amount of the wages held by him to appellee, and this without any demand. It is true that appellant rightfully collected the money and so held it until the note became due, but he could not rightfully hold, after the note became due, more than was sufficient to pay the amount due on the note. The pleading, we think, sufficiently shows that he did retain the face of the note, and in addition a sum in excess of the interest permitted by law. This excess he did not rightfully hold. While appellee might have been required to make the complaint more specific, yet we think it pleads sufficient facts to entitle appellee to a judgment in some amount. It is true the pleading does not state the rate of interest, but it does state the sum loaned and for what time and the amount retained as interest, and from these facts it appears that a part, at least, of the sum retained as interest was in excess of the interest which the law authorizes to be charged for the use of money. We have examined the cases cited by appellant's counsel, but find nothing in them in conflict with the view here taken.

Judgment affirmed.