## Tishbein *v.* Paine.

### [No. 7,847. Filed February 14, 1913.]

1. Pleading. — *Complaint.* — *Duplicity.* — *Remedy.* — Where each paragraph of complaint contains two separate and distinct causes of action, that may be properly joined, the defect cannot be reached by a demurrer for want of facts, but the remedy is by a motion to require that the causes be separated and stated in separate paragraphs. p. 442.

2. Contracts.—*Contracts Partly in Writing.—Action.—Complaint. —Sufficiency.*—A contract, partly in writing and partly in parol,

rests entirely in parol, and a complaint thereon is not rendered insufficient by failure to set out therein the portion of the contract that is written, or to make the same an exhibit thereto. p. 443.

3. CONTRACTS.—*Action.—Complaint.—Sufficiency.—Bill of Particulars.*—Where, in an action on a building contract, each paragraph of complaint stated facts sufficient to constitute a cause of action on the contract, plaintiff's failure to file a bill of particulars of items claimed as extras in each paragraph, does not render the complaint demurrable. p. 443.

4. PLEADING.—*Complaint.—Demurrer.*—A complaint is sufficient to withstand a demurrer, if it states facts sufficient to entitle plaintiff to some relief. p. 443.

5. APPEAL.—*Record.—Bill of Exceptions Not Signed.—Questions Not Considered.*—Questions presented by a motion for new trial, and depending on the evidence, cannot be considered where the bill of exceptions containing the evidence, as shown by the record, is not signed by the trial judge. p. 443.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Henry A. Paine against John Tishbein. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Sheehan & Lyddick,* for appellant.
*Franklin T. Fetterer,* for appellee.

LAIRY, J.—Appellee filed an amended complaint in the trial court, by which he sought to recover from appellant a balance claimed to be due him on a contract, by the terms of which he was to furnish material and erect a building for appellant for the agreed price of $4,000. The amended complaint was in two paragraphs, to each of which a demurrer for want of sufficient facts was addressed and overruled. This ruling is assigned as error, and presents the first question for our consideration.

Both paragraphs seek to recover a balance of $225 due on the contract, and also an amount claimed to be due for extra labor performed and extra material furnished.

1. The first objection pointed out is that each paragraph contains two separate and distinct causes of action.

If it be conceded that appellant is correct in this contention, the defect could not be reached by a demurrer for want of facts. It could be reached only by a motion for an order requiring plaintiff to separate his causes of action and to state them in separate paragraphs of complaint. *Lane* v. *State, ex rel.* (1866), 27 Ind. 108; *Carger* v. *Fee* (1895), 140 Ind. 572, 39 N. E. 93; *Baddeley* v. *Patterson* (1881), 78 Ind. 157; *Leak* v. *Thorn* (1895), 13 Ind. App. 335, 41 N. E. 602; *Shroyer* v. *Pittenger* (1903), 31 Ind. App. 158, 67 N. E. 475.

Appellant makes a further objection to the sufficiency of the complaint on the ground that the part of the contract which is alleged to be in writing is not set out therein or made an exhibit thereto. This is not required.

2. Neither paragraph of the amended complaint is based on a written contract. The contract alleged in each paragraph of the complaint, being partly written and partly oral, rests entirely in parol. *Board, etc.,* v. *Shipley* (1881), 77 Ind. 553; *Stauffer* v. *Linenthal* (1902), 29 Ind. App. 305, 64 N. E. 643.

Each paragraph of the complaint states facts sufficient to constitute a cause of action in plaintiff on the contract for the erection of the building, and to entitle him to recover the balance due thereon. The failure of plaintiff to file a bill of particulars of the items claimed as extras in each paragraph would not render the complaint or either paragraph thereof demurrable. A complaint which is sufficient to entitle the plaintiff to some relief is good as against a demurrer. *Gilman* v. *Fultz* (1906), 37 Ind. App. 609, 77 N. E. 746; *Owen School Tp.* v. *Hay* (1886), 107 Ind. 351, 8 N. E. 220.

The bill of exceptions containing the evidence, as shown by the record, is not signed by the trial judge. We cannot, therefore, consider any question presented by the motion for a new trial, as all the questions so pre-

sented depend on the evidence.  We find no reversible error.
Judgment affirmed.

NOTE.—Reported in 100 N. E. 766.  See, also, under (1) 31 Cyc.
124; (2) 31 Cyc. 556; (3) 31 Cyc. 302; (4) 31 Cyc. 288; (5) 3
Cyc. 43.  As to the necessity of filing bill of exceptions, see 15
Am. St. 297.