## GUARD ET AL. *v.* GUARD

[No. 17,399.   Filed February 7, 1946.]

*W. M. Turner*, of Lawrenceburg, and *Crawford A. Peters*, of Aurora, for appellants.

*Jas. T. Hooper, Sr.*, of Lawrenceburg, for appellee.

BOWEN, J.—The appellee herein filed her verified affidavit in supplemental proceedings, alleging that in 1936 she recovered, in the Dearborn Circuit Court in this same cause, a judgment in the amount of $741.00 against the appellant herein; that an execution was issued against the appellant and the return of same by the sheriff showed no property found; that appellant is regularly employed by the Old Quaker Company, his codefendant in the court below, and that such company is indebted, and will become indebted, to appellant from time to time; that appellant has no property out of which the judgment could be satisfied. The appellee prayed the court for an order requiring that the appellant appear before the court to answer questions concerning his property; that appellant's codefendant in the court below, the Old Quaker Company, be required

to answer as to money in its hands belonging to the appellant; for an order requiring the defendant, Old Quaker Company, to withhold from the earnings of the appellant 10% of the amount of wages which exceeds $15.00 per week; and that the Old Quaker Company be required to pay this amount to the clerk of the Dearborn Circuit Court, to be applied against the judgment.

Summons was issued on the verified affidavit in supplemental proceedings, and an order was issued requiring appellant and the Old Quaker Company to appear before the court to answer concerning the property and indebtedness from Old Quaker Company to appellant, and to perform such orders as the court might make concerning the application of said property upon said judgment.

The appellant appeared and filed a written motion to dismiss the cause, setting forth in substance: that the affidavit in supplemental proceedings was predicated upon a judgment obtained in the Dearborn Circuit Court on October 19, 1936, and being Cause No. 7372, which judgment was in the amount of $741.00; that execution was returned, "No property found"; that the Acts of 1937 of Indiana, ch. 296, p. 1348, by "d" of Section 1 of said Act, provide that none of the provisions of said Act shall apply to any judgment rendered prior to July 1, 1937.

The Old Quaker Company appeared and acknowledged the employment of appellant, set forth its indebtedness due to the appellant, and asked to go without day and recover its costs.

The cause was submitted to the court on the motion of appellant to dismiss the affidavit in supplemental proceedings, and the court overruled appellant's motion to dismiss appellee's proceedings supplemental to execution, and ordered, adjudged, and decreed that the de-

fendant, Old Quaker Company, withhold from the wages due appellant the amount of 10% of such wages after deducting an exemption of $25.00 per week.

No motion for a new trial was filed by either appellant or appellee. Appellee has filed cross errors challenging the action of the trial court in allowing appellant a weekly exemption of $25.00 from his wages.

Since no motion for a new trial has been filed by either party, the only matter properly before the court for decision is the action of the trial court in overruling appellant's motion to dismiss appellee's verified affidavit in supplemental proceedings.

Our statute expressly provides that the sufficiency of an affidavit in supplemental proceedings may be tested by a demurrer or by a motion to dismiss or strike out. § 2-4404, Burns' 1933.

Where a motion to dismiss is used as a demurrer to test the legal sufficiency of a pleading, it concedes the truth of the matters alleged, and in deciding the sufficiency of the affidavit in the instant case the court will look only to the affidavit and the motion filed thereto. If the facts set forth in the affidavit, and any reasonable inferences that may be drawn therefrom, show that the appellee was entitled to any relief in the supplemental proceeding, the same would be good as against a motion to dismiss the same. *Howe* v. *Dibble* (1873), 45 Ind. 120; *Bennett* v. *Preston* (1861), 17 Ind. 291; *Culbertson* v. *Munson* (1886), 104 Ind. 451, 4 N. E. 57; *Gowdy Gas Well, etc., Co.* v. *Patterson* (1902), 29 Ind. App. 261, 64 N. E. 485; *Gilman* v. *Fultz* (1906), 37 Ind. App. 609, 77 N. E. 746; 41 Am. Jur. 518; § 380, page 380, Vol. 1, Watson's Revision of Works Practice and Forms, and cases therein cited.

Error assigned by the appellant challenges the action

of the trial court in overruling his motion to dismiss appellee's affidavit in supplemental proceedings.

When fully and properly considered, appellant's motion to dismiss is based upon the single proposition that appellee's affidavit in supplemental proceedings should be dismissed because the judgment upon which such affidavit is predicated was rendered prior to July 1, 1937, to-wit: on October 19, 1936, in the Dearborn Circuit Court; and that the Acts of 1937, ch. 296, p. 1348, by "d" of Sec. 1 of said Act, provide that none of the provisions of said Act shall apply to any judgment obtained prior to July 1, 1937. Appellant contends that the proceedings instituted by appellee cannot be maintained on judgments obtained prior to July 1, 1937.

This statute exempts certain property of resident householders from execution, and by its express terms is limited in its application to " . . . execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied. . . . ".

Appellee's amended complaint in the instant case, upon which judgment was rendered and on which judgment the affidavit in supplemental proceedings is based, sets out that appellant was granted a divorce from appellee in the Dearborn Circuit Court on April 28, 1921, and appellant was awarded the custody of the minor children of said parties, namely Orville Guard and Vivian Guard; that subsequently, on January 8, 1929, the said court modified its former judgment and granted appellee custody of said minor children during the school term and ordered appellant to pay the sum of $5.00 per week for their support; that said decree was again modified on February 8, 1932, and the court reduced the amount to be paid by appellant for the support of said minor children to $3.00 per week; that appellant

was in arrears, in complying with the orders of said court for the support of his two minor children, in the amount of $741.00. Judgment was rendered on this complaint on October 17, 1936, in the amount of $741.00.

The taking of this judgment on a former judgment and order for the support of the minor children of said parties did not change the character of the debt.

It is well settled in this state that a judgment for alimony is not a debt growing out of or founded upon a contract, express or implied, within the meaning of the exemption statute. *Menzie* v. *Anderson* (1879), 65 Ind. 239; *Gilchrist* v. *Cotton* (1925), 83 Ind. App. 415, 148 N. E. 435.

Courts in other jurisdictions, in construing the nature of a judgment for alimony, set out that the liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. *Barclay* v. *Barclay* (1900), 184 Ill. 375, 56 N. E. 636; 51 L. R. A. 351.

It is further stated in *Wetmore* v. *Markoe* (1904), 196 U. S. 68, 25 Sup. Ct. 172, in speaking of the nature of judgments for alimony, "The court having power to look behind the judgment, to determine the nature and extent of the liability, the obligation enforced is still of the same character notwithstanding the judgment. We think the reasoning of the *Audubon* case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the

husband. The law interferes when the husband neglects or refuses to discharge this duty and enforces it against him by means of legal proceedings."

We feel that the same reasoning upon which the rule that alimony is not a debt growing out of or founded upon a contract, express or implied, applies with equal cogency to judgments based upon an order for the support of minor children in a divorce proceeding. The appellant in the instant case owes a duty to make the payments for the support of his minor children, which payments have been reduced to judgment, not because of any contractual relation but because of the policy of the law which imposes an obligation upon a parent to support his children.

We therefore hold that the statute relied upon by appellant (Acts of 1937, ch. 296, p. 1348, "d" of Sec. 1) has no application to the judgment in the instant case, since appellee's judgment is clearly not for a debt growing out of a contract, express or implied.

The statutes of this state specifically provide for proceedings supplemental to execution upon the affidavit of the execution plaintiff. §§ 2-4401 to 2-4408, inclusive, Burns' 1933 (Supp.).

Sections 2-4402, 2-4403 and 2-4406, Burns' 1933 (Supp.), Acts of 1937, ch. 84, p. 440, provide insofar as is pertinent to this appeal that an affidavit may be filed by an execution plaintiff showing that any judgment debtor has property, income or profits which he unjustly refuses to apply toward satisfaction of the judgment; and that any person or corporation has property of such judgment debtor, or is or will be from time to time indebted to him in any amount; and upon the filing of such affidavit the statute provides that the court or judge shall issue a subpoena requiring the judgment debtor and such person or corporation which

is or will be indebted to such judgment debtor, to appear and answer concerning the same. Upon the hearing thereon, the judge or the court may order any property, income or profits not exempt from execution to be applied to the satisfaction of the judgment; and the judge or court may order that the judgment or execution shall be a continuing lien upon the income or profits of the judgment debtor in the hands of either himself or any person or corporation indebted to the judgment debtor, to the extent that such income or profits are not exempted by law. The statute further provides that such lien shall not exceed ten (10) per cent of such income or profits.

By virtue of the above statutory provisions, the appellee in the instant case had a proper right to file her affidavit in supplemental proceedings for an order for a continuing lien, not exceeding 10%, upon the income of the appellant from the Old Quaker Company. The relief provided by these statutes is not limited to judgments rendered after July 1, 1937, and is applicable to the judgment in the instant case. When fairly considered, the affidavit filed by appellee herein substantially complies with the requirements of the statutes, *supra;* and as against the propositions raised by appellant's motion to dismiss, the affidavit is sufficient in law.

Appellee has filed cross errors claiming the court erred in allowing cross appellee, appellant herein, an exemption of $25.00 per week upon the judgment. No motion to modify the judgment was filed by the appellee in the trial court, nor did appellee file a motion for a new trial; and the proper foundation for the assignment of such cross error claimed was not laid in the lower court. Appellee cannot make such objections for the first time on appeal. *Merritt* v. *Richey*

(1891), 127 Ind. 400, 27 N. E. 131; Elliott on Appellate Procedure, Sec. 420, p. 357.

While we do not wish to note our approval of the action of the trial court in allowing this exemption of $25.00 to appellant, since the question is not presented by the record for our decision, we cannot pass upon it. Clearly, the appellant is not harmed but is benefited by such exemption.

Judgment affirmed.

NOTE.—Reported in 64 N. E. (2d) 802.