## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2016, 8:15 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jason R. Delk | Robert C. Beasley |
| Daniel J. Gibson | Beasley Law Office |
| Delk McNally LLP | Muncie, Indiana |
| Muncie, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Lake, National City Mortgage Co., The Bank of New York Mellon Trust Company, N.A., and Unifund CCR Partners,[1] | January 22, 2016 |
| | Court of Appeals Case No. 18A04-1503-PL-129 |
| *Appellants-Defendants,* | Appeal from the Delaware Circuit Court |
| v. | The Honorable Marianne L. Vorhees, Judge |
| Kevin Butler d/b/a Butler Homes, | Trial Court Cause No. 18C01-1208-PL-21 |

---

[1] National City Mortgage Co., The Bank of New York Mellon Trust, N.A., and Unifund CCR Partners are not actively participating in this appeal; however, under Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

*Appellee-Plaintiff.*

**Kirsch, Judge.**

Aaron Lake ("Lake") appeals the trial court's denial of The Bank of New York Mellon Trust Company's ("BNYM") Motion to Enforce the Court's Priority Order and Motion to Reconsider, contending that the trial court erred in failing to order the proceeds of a Sheriff's Sale paid to the first priority lien holder.

We affirm.

## Facts and Procedural History

Lake was the owner of certain residential real estate in Delaware County, Indiana, commonly known as 5300 North County Road 500 West, Muncie, Indiana, 47304 (the "Real Property"). BNYM held a mortgage on the Real Property which had priority over all other liens. After a fire destroyed a significant portion of the residence on the property, Butler was hired in 2011 to rebuild it. In 2012, Butler had completed the majority of the work when Lake failed to make several payments totaling $48,841.58. Butler stopped working and filed a Notice of Mechanic's Lien and his Complaint to Foreclose Mechanic's Lien and for Breach of Contract.

After a bench trial, the trial court issued Findings of Fact, Conclusions Thereon, and Judgment Concerning Priority Issues. The trial court found that Butler had a valid mechanic's lien that was second in line to BNYM's mortgage

and that he was entitled to an *in rem* judgment against the Real Property in the amount of $58,505.28. Butler filed a Praecipe for Sheriff's Sale seeking to execute on his *in rem* judgment and entered into an agreement with BNYM that the sale would be subject to its priority lien.

On July 9, 2014, the Sheriff's Sale was held. The highest bid for the property was submitted by RVZ, Inc. for $40,001.00, subject to BNYM's priority lien. The sale proceeds were distributed to Butler, reducing Lake's liability to $18,504.28. BNYM's lien on the Real Property, including the Improvements, maintained its first priority after the Sheriff's Sale.[2] Lake now appeals, asserting that the proceeds from the Sheriff's Sale should have been applied to BNYM's lien.

## Discussion and Decision

The foreclosure of a junior lien upon real estate subject to prior liens and encumbrances is not a frequent occurrence, but it is not without precedent. Indeed, the legitimacy of the process was recognized by our Supreme Court more than one hundred years ago. *See, e.g., Vadevender v. Moore*, 146 Ind. 44, 44 N.E. 3 (Ind. 1896). The foreclosure of a junior lien subject to prior liens has no effect on the prior liens, and the purchaser of the property at a foreclosure sale takes the property subject to the prior liens. *See id.* The senior mortgage or

---

[2] On March 11, 2015, the trial court entered its Final Judgment in Favor of Plaintiff and Against Defendant Aaron Lake granting Butler an *in personam* judgment for the balance of Lake's obligation to Butler remaining after the Sheriff's Sale.

other lien is still attached to and secured by the property. *See id. See also Hancock v. Fleming*, 103 Ind. 533, 3 N.E. 254, 256 (1885) ("There should have been a decree of foreclosure in favor of the appellant for the amount of the debt, subject to the lien of the judgment.") and *Union Realty Co. of Greensburg v. Older*, 97 Ind. App. 412, 185 N.E. 522, 524 (1933) (Purchaser at a foreclosure sale "*became entitled to all the right, title, and interest of the mortgagor in the premises . . .* and *necessarily took the estate . . . subject to all prior liens to which it would have been subject in the hands of the mortgagor.*")

[7] Applying this long-established procedure to the facts of this case, the Sheriff's Sale of the real estate subject to prior liens and encumbrances conveyed Butler's second priority position in the real estate to the purchaser at the sale and *only* Butler's second priority position. It had no effect on the BNYM mortgage, and BNYM retained its mortgage priority on the real estate.

[8] As a result, BNYM was not harmed in any way by the Sheriff's Sale of the property here at issue, subject to prior liens or by the distribution of the sale proceeds to Butler. Prior to the sale, it was the holder of a note and mortgage in the original loan amount of $180,000.00. After the Sheriff's Sale, BNYM's rights regarding its first mortgage lien were unaffected; it retained its first mortgage upon the property in the original amount of $180,000.00, and Lake's personal liability to BNYM for the indebtedness securing the mortgage was likewise unaffected. Indeed, we note that BNYM, which was at all times represented before the trial court by counsel and is a party to these proceedings pursuant to Indiana Appellate Rule 17(A), has not participated in these

proceedings or made any claim of harm. Because the sale conveyed only Butler's secondary lien position in the real estate, it had no effect on the BNYM's mortgage. Both its *in rem* rights in the property arising from its mortgage and its *in personam* rights in regard to the indebtedness were unaffected by the trial court's judgment, the foreclosure sale, and this appeal.

[9] Similarly, Lake was not harmed in any way by the foreclosure and subsequent sale subject to the first mortgage of BNYM. Prior to the Sheriff's Sale, he was personally liable for the indebtedness on the original $180,000.00 promissory note to BNYM secured by a first mortgage upon the real estate here at issue. After the sale, he was personally liable for the indebtedness on the original $180,000.00 promissory note to BNYM secured by a first mortgage upon the real estate here at issue. In regard to the mechanic's lien which is the subject of this appeal, Lake was liable for the indebtedness owed to Butler in the amount of $58,505.28, which was secured by a mechanic's lien on Lake's real estate. The sale proceeds of $40,001.00 paid to Butler reduced Lake's liability to $18,504.28.

[10] The sale of Lake's property subject to the BNYM mortgage was conducted in accordance with Indiana law, and we affirm the trial court's order denying BNYM's Motion to Enforce the Court's Priority Order and Motion to Reconsider.

[11] Affirmed.

Najam, J., and Barnes, J., concur.